# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 15-23070-Civ-COOKE/TORRES

Consumer Financial Protection Bureau,

   Plaintiff,

v.

ORION PROCESSING, LLC, a Texas limited
liability company, d/b/a World Law Processing,
Wld Credit Repair, and World Law Debt; FAMILY
CAPITAL INVESTMENT & MANAGEMENT
LLC, a Delaware limited liability company, a/k/a
FCIAM Property Management; WORLD LAW
DEBT SERVICES, LLC, a Delaware limited
liability company; WORLD LAW PROCESSING,
LLC, a Delaware limited liability company; DERIN
SCOTT, an individual; DAVID KLEIN, an
individual; and BRADLEY JAMES HASKINS,
individually and d/b/a World Law Group, LLP,
World Law Group America, LLP, WLD Price
Global, Inc., World Law Forms and Mediation, and
World Law South;

   Defendants,

Shannon Scott, an individual,

   Relief Defendant.

---

## PRELIMINARY INJUNCTION WITH ASSET FREEZE, APPOINTMENT OF RECEIVER, EXPEDITED DISCOVERY, AND OTHER EQUITABLE RELIEF FOR DEFENDANTS DERIN SCOTT, DAVID KLEIN, FAMILY CAPITAL INVESTMENT & MANAGEMENT LLC, AND RELIEF DEFENDANT SHANNON SCOTT

THIS CAUSE is before the Court upon Magistrate Judge Edwin G. Torres' Report and Recommendation on Preliminary Injunction. (ECF No. 33). Judge Torres' Report and Recommendation recommended that the Plaintiff's Motion for Preliminary Injunction and Receiver (ECF No. 4; *see also* ECF No. 23) be granted. Judge Torres found good cause for

expediting any objections to his Report and Recommendation. The objections were due no later than September 11, 2015. No objections were filed.

I have considered Judge Torres' Report and Recommendation, Plaintiff's Motion, relevant legal authorities, and have conducted a *de novo* review of the record. I find Judge Torres' Report and Recommendation clear, cogent, and compelling. Accordingly, it is **ORDERED and ADJUDGED** that Judge Torres' Report and Recommendation (ECF No. 33) is **AFFIRMED and ADOPTED**, and the following **ORDER** is **ENTERED**:

Plaintiff, the Consumer Financial Protection Bureau, commenced this civil action on August 17, 2015, under the Consumer Financial Protection Act of 2010 (CFPA), 12 U.S.C. §§ 5531(a), 5536(a), 5564(a), and 5581, and under the Telemarketing and Consumer Fraud and Abuse Prevention Act, 15 U.S.C. §§ 6102(c)(2), 6105(d), alleging Defendants violated the CFPA and the Telemarketing Sales Rule (TSR), 16 C.F.R. pt. 310 in connection with the marketing and sale of debt relief services. The Complaint seeks preliminary and permanent injunctive relief, rescission or reformation of contracts, the refund of monies paid, restitution, disgorgement of ill-gotten monies, the appointment of a Receiver, and other equitable relief, as well as civil money penalties. The Bureau also moved *ex parte* for a temporary restraining order under Rule 65(b) of the Federal Rules of Civil Procedure.

On August 18, 2015, this Court granted the Bureau's motion and entered the Temporary Restraining Order (TRO) [D.E. 12], which included an asset freeze, injunctive relief, and other equitable relief and set a hearing on Plaintiff's motion for an order to show cause why a preliminary injunction should not issue. On August 28, 2015, this Court held the show cause hearing and upon stipulation of the parties, on September 1, 2015, extended the TRO with the appointment of a temporary Receiver. On September 9, this Court held the show cause hearing.

## FINDINGS

Having considered the Complaint, *Ex Parte* Motion for a Temporary Restraining Order with Asset Freeze, Appointment of a Receiver, and Other Equitable Relief, and Order to Show Cause Why a Preliminary Injunction Should Not Issue and Memorandum of Points and Authorities in Support (Motion) (D.E. 4), and the declarations, exhibits, memoranda, and other evidence presented by the Bureau in support of the Motion, the Court finds that:

1. This Court has jurisdiction over the subject matter of this case, there is good cause to believe that it will have jurisdiction over all the parties hereto, and venue in this district is proper;

2. There is good cause to believe that Defendants (a) Family Capital Investment & Management LLC, a Delaware limited liability company, a/k/a FCIAM Property Management (FCAIM); (b) Derin Scott, an individual; and (c) David Klein, an individual, (collectively, Defendants) have engaged and are likely to continue to engage in acts or practices that violate the CFPA and the TSR, 16 C.F.R. pt. 310. And, there is good cause to believe that Shannon Scott, an individual, has received funds or assets and is likely to continue to receive funds or assets that can be traced directly to Defendants' unlawful acts and practices. Plaintiff is therefore likely to prevail on the merits of this action;

3. There is good cause to believe that immediate and irreparable harm will result from Defendants' ongoing violations of these laws unless Defendants continue to be restrained and enjoined by Order of this Court;

4. There is good cause to believe that immediate and irreparable damage to the Court's ability to grant effective final relief for consumers in the form of monetary restitution and disgorgement or compensation for unjust enrichment will occur from the transfer, dissipation, or concealment by Defendants of their assets or business records unless Defendants are restrained and enjoined by Order of this Court. Thus, good cause exists for continuing the asset freeze imposed under the TRO, permitting the Bureau to take expedited discovery, and ordering the other equitable relief set forth herein;

5. Good cause exists for appointing a Receiver over FCIAM (Receivership Defendant), and permitting Plaintiff continued access to Defendants' business premises at the discretion of the Receiver and the Chapter 7 Trustee;

6. Weighing the equities and considering Plaintiff's likelihood of ultimate success on the merits, a preliminary injunction with an asset freeze, expedited discovery as to the existence and location of assets and documents, and other equitable relief is in the public interest; and

7. As the Bureau is an agency of the United States, no security is required for this Order. Fed. R. Civ. P. 65(c).

## DEFINITIONS

For the purposes of this Order, the following definitions shall apply:

1.      "**Advance Fee**" means any fee or consideration requested or received by a Debt Relief Service Provider from a consumer for any Debt Relief Service, whether directly or indirectly, that occurs before;

    a. the Debt Relief Service Provider has renegotiated, settled, reduced, or otherwise altered the terms of a debt pursuant to a settlement agreement, debt management plan, or other valid contractual agreement executed by the Consumer; and

    b. the Consumer has made at least one payment pursuant to that settlement agreement, debt management plan, or other valid contractual agreement between the Consumer and the creditor or debt collector.

2.      "**Assets**" means any legal or equitable interest in, right to, or claim to any real, personal, or intellectual property owned or controlled by, or held, in whole or in part for the benefit of, or subject to access by any Defendant or Relief Defendant, wherever located, whether in the United States or abroad. This includes, but is not limited to, chattel, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, contracts, mail or other deliveries, shares of stock, commodities, futures, inventory, checks, notes, accounts, credits, receivables (as those terms are defined in the Uniform Commercial Code), funds, cash, and trusts, including, but not limited to any trust held for the benefit of any Defendant, Relief Defendant, any of the Individual Defendants' minor children, or any of the Individual Defendants' spouses. It shall include both existing assets and assets acquired after the date of entry of this Order;

3.      "**Assisting Others**" includes, but is not limited to

    a. Providing paralegal or administrative support services;

    b. performing customer service functions including, but not limited to, receiving or responding to consumer complaints;

    c. formulating or providing, or arranging for the formulation or provision of, any advertising or marketing material, including, but not limited to, any telephone sales script, direct mail solicitation, or the text of any Internet website, email, or other electronic communication;

4

    d.   formulating or providing, or arranging for the formulation or provision of, any marketing support material or service, including but not limited to, web or Internet Protocol addresses or domain name registration for any Internet websites, affiliate marketing services, or media placement services;

    e.   providing names of, or assisting in the generation of, potential customers;

    f.   performing marketing, billing, or payment services of any kind; and acting or serving as an owner, officer, director, manager, or principal of any entity.

4.    **"Bankruptcy Proceeding"** means *In re Orion Processing LLC,* Case No. 15-10279 currently pending in the United States Bankruptcy Court, Western District of Texas, Austin Division.

5.    **"Chapter 7 Trustee"** means the Trustee appointed over Defendant Orion Processing, LLC by the United States Bankruptcy Court, Western District of Texas, Austin Division in the Bankruptcy Proceeding.

6.    **"Consumer"** means an individual or an agent, trustee, or representative acting on behalf of an individual.

7.    "**Debt**" means any obligation or alleged obligation to pay money, whether or not such obligation has been reduced to judgment.

8.    "**Debt Relief Product or Service**" means any program or service represented, directly or by implication, to renegotiate, settle, or in any way alter the terms of payment or other terms of the debt between a consumer and one or more creditors or debt collectors, including but not limited to, a reduction in the balance, interest rate, or fees owed by a person to a creditor or debt collector.

9.    "**Debt Relief Service Provider**" means any Person that offers or provides any Debt Relief Product or Service.

10.    "**Defendants**" means the Individual Defendants and the Corporate Defendant, individually, collectively, or in any combination, and each of them by whatever names each might be known;

    a.   "**Corporate Defendant**" means: Family Capital Investment & Management LLC a/k/a FCIAM Property Management (FCIAM);

b.      "**Individual Defendants**" means Derin Scott, and David Klein, collectively, or in any combination, and each of them by any other names by which they might be known;

c.      "**Receivership Defendant**" means FCIAM, and its successors, assigns, affiliates, or subsidiaries, and each of them, by whatever names each might be known, provided that the Receiver has reason to believe they are owned or controlled in whole or in part by any of the Defendants;

d.      "**Relief Defendant**" means Shannon Scott individually and by any other name by which she might be known;

11.      "**Document**" and "**Electronically Stored Information**" are synonymous in meaning and equal in scope to the usage of the terms in Rule 34(a) of the Federal Rules of Civil Procedure and include but are not limited to:

a.      The original or a true copy of any written, typed, printed, electronically stored, transcribed, taped, recorded, filmed, punched, or graphic matter or other data compilations of any kind, including, but not limited to, letters, email or other correspondence, messages, memoranda, paper, interoffice communications, notes, reports, summaries, manuals, magnetic tapes or discs, tabulations, books, records, checks, invoices, work papers, journals, ledgers, statements, returns, reports, schedules, files, charts, logs, electronic files, stored in any medium; and

b.      Any electronically created or stored information, including but not limited to electronic mail, instant messaging, videoconferencing, SMS, MMS, or other text messaging, and other electronic correspondence (whether active, archived, unsent, or in an deleted items folder), word processing files, spreadsheets, databases, document metadata, presentation files, and sound recordings, whether stored on any cell phones, smartphones, flash drives, personal digital assistants ("PDAs"), cards, desktop personal computer and workstations, laptops, notebooks and other portable computers, or other electronic storage media, backup disks and tapes, archive disks and tapes, and other forms of offline storage, whether assigned to individuals or in pools of computers available for shared use, or personally

6

owned but used for work-related purposes, whether stored on-site with the computer used to generate them, stored offsite in another company facility, or stored, hosted, or otherwise maintained off-site by a third party; and computers and related offsite storage used by Defendants or Defendants' participating associates, which may include persons who are not employees of the company or who do not work on company premises;

12.　"**Electronic Data Host**" means any person or entity that stores, hosts, or otherwise maintains electronically stored information;

13.　"**Financial Institution**" means any bank, savings and loan institution, credit union, or any financial depository of any kind, including, but not limited to, any brokerage house, trustee, broker-dealer, escrow agent, title company, commodity trading company, or precious metal dealer;

14.　"**Person**" means an individual, partnership, company, corporation, association (incorporated or unincorporated), trust, estate, cooperative organization, or other entity;

15.　"**Plaintiff**" or "**Bureau**" means the Consumer Financial Protection Bureau;

16.　The words "**and**" and "**or**" shall be understood to have both conjunctive and disjunctive meanings as necessary to make the applicable phrase or sentence inclusive rather than exclusive.

## ORDER

## I.  PROHIBITIONS ON THE PROVISION OF DEBT RELIEF PRODUCTS OR SERVICES

**IT IS THEREFORE ORDERED** that Defendants and their successors, assigns, officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby preliminarily restrained and enjoined from, or assisting others from, any of the following:

A.  Participating in telemarketing any debt relief product or service;

B.  Advertising, marketing, promoting, offering for sale, selling, or providing any debt relief product or service;

C.  Receiving any remuneration or other consideration from, holding any

ownership interest in, providing services to, or working in any capacity for any person engaged in advertising, marketing, promoting, offering for sale, selling, or providing any debt relief product or service; and

D. Attempting to collect, collecting, or selling or assigning any right to collect payments from Consumers who purchased or agreed to purchase any Debt Relief Product or Service from Defendants.

**IT IS FURTHER ORDERED** that within three (3) days of the date of this Order, Defendants shall provide to Plaintiff, Receiver, and the Bankruptcy Trustee a list of all consumers who had a settlement with a creditor where, as of August 20, 2015, the Defendants were continuing to pay the creditor and the details of any such settlement, including the amount and dates of any payments to creditors and contact information for the consumers. Nothing in this order prohibits Defendants, the Receiver, or the Bankruptcy Trustee from assisting these consumers in the orderly transition of responsibility for making payments under any debt settlement payment plans Defendants previously negotiated with consumers' creditors, including pursuant to any order in the Bankruptcy Proceeding. However, in no event may Defendants collect any fees from these consumers.

*Provided further* that creditors are authorized to communicate directly with consumers and creditors should provide consumers with an additional ninety (90) days to work out any arrangements for such debt settlement payment plans.

## II. PROHIBITED MISREPRESENTATIONS

**IT IS THEREFORE ORDERED** that Defendants and their successors, assigns, officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Order by personal service, facsimile transmission, email, or otherwise, whether acting directly or indirectly, in connection with the advertising, marketing, promotion, offering for sale, sale, performance of any Debt Relief Product or Service are hereby preliminarily  restrained and enjoined from falsely representing, or from assisting others who are falsely representing, expressly or by implication, any of the following:

A. That any Defendant or any other person will or likely will provide to Consumers legal representation;

8

B. That any Defendant or any other person will or likely will provide to Consumers a local attorney or an attorney located in the Consumers' state;

C. That any Defendant or any other person will or likely will provide to Consumers an attorney to negotiate with creditors a modification or settlement of the Consumers' debts; or

D. Any other material fact.

### III.        PRESERVATION OF RECORDS AND TANGIBLE THINGS

**IT IS FURTHER ORDERED** that Defendants and their successors, assigns, officers, agents, servants, employees, independent contractors, and attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Order by personal service, facsimile transmission, email, or otherwise, whether acting directly or indirectly are hereby preliminarily enjoined from destroying, erasing, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, any Documents or records that relate to the business practices, or business or personal finances of any Defendant, or other entity directly or indirectly under the control of any Defendant.

### IV. DISABLEMENT OF WEBSITES

**IT IS FURTHER ORDERED** that, immediately upon service of the Order upon them:

(1) any person hosting any Internet website for, or on behalf of, any Defendant, and

(2) Defendants and their successors, assigns, officers, agents, servants, employees, independent contractors, and attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this order by personal service, facsimile transmission, email, or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, shall:

A. Immediately do whatever is necessary, including cooperating with the Receiver, to ensure that any Internet website used by Defendants for the advertising, marketing, promotion, offering for sale, sale, or performance of any Debt Relief Product or Service, including but not limited to worldlawdebtsettlement.com;

9

orionprocessing.com; and worldlawprocessing.com, containing statements, representations, or omissions prohibited by Sections I and II of this Order cannot be accessed by the public;

B. Prevent the destruction or erasure of any Internet website used by Defendants for the advertising, marketing, promotion, offering for sale, sale, or performance of any Debt Relief Service, by preserving such website in the format in which it is maintained currently; and

C. Immediately notify Plaintiff's counsel, in writing, of any other Internet website operated or controlled by any Defendant.

## V.   SUSPENSION OF INTERNET DOMAIN NAME REGISTRATIONS

**IT IS FURTHER ORDERED** that any domain name registrar must suspend the registration of any Internet website used by Defendants for the advertising, marketing, promotion, offering for sale, sale, or performance of any Debt Relief Product or Service, and containing statements, representations, or omissions prohibited by Sections I and II of this Order, and provide immediate notice to Plaintiff's counsel of any other Internet domain names registered or controlled by any Defendants.

## VI. ASSET FREEZE

**IT IS FURTHER ORDERED** that except as specified below, Defendants, Relief Defendant, and their successors, assigns, officers, agents, servants, employees, independent contractors, and attorneys, and all persons directly or indirectly under the control of any of them, including any financial institution, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service, facsimile, email, or otherwise, are hereby preliminarily restrained and enjoined from directly or indirectly:

A. Selling, liquidating, assigning, transferring, converting, loaning, hypothecating, disbursing, gifting, conveying, encumbering, pledging, concealing, dissipating, spending, withdrawing, or otherwise disposing of any Asset that is:

1. in the actual or constructive possession of any Defendant or Relief Defendant; or

2. in the actual or constructive possession of, or owned or controlled by, or subject to access by, or belonging to, any corporation, partnership, trust or other entity directly or indirectly owned, managed or controlled by any Defendant or Relief Defendant;

B. Opening, or causing to be opened, any safe deposit box, commercial mail box, or storage facility belonging to, for the use or benefit of, controlled by, or titled in the name of any Defendant or Relief Defendant, or subject to access by any Defendant or Relief Defendant;

C. Incurring charges or cash advances on any credit card, stored value card, debit card or charge card issued in the name, singly or jointly, of any Defendant, Relief Defendant, or any other entity directly or indirectly owned, managed, or controlled by any Defendant or Relief Defendant;

D. Incurring liens or encumbrances on real property, personal property, or other Assets in the name, singly or jointly, of any Defendant or Relief Defendant; or

E. Cashing any checks or depositing or processing any payment from any consumer, client, or customer of any Defendant.

**IT IS FURTHER ORDERED** that the Assets affected by this Section shall include: (a) all Assets of each Defendant and Relief Defendant as of the time this Order is entered, and (b) those Assets obtained or received after entry of this Order that are derived, directly or indirectly, from the actions alleged in Plaintiff's Complaint. This Section does not prohibit transfers to the Receiver, as specifically required in Section XVI (Delivery of Receivership Property), nor does it prohibit the Repatriation of Foreign Assets, as specifically required in Section X of this Order.

*Provided however,* that Defendants may continue negotiations on the sale of GNS Frac, LLC and the sale of individual membership interests of Global Energy Partners, LLC and subject to the approval of the Receiver, may go forward on the sale of those companies, provided that any assets received by Defendants as a result of that sale are subject to the provisions in Section VI of this Order.

*Provided however*, that this Order does not prevent Individual Defendants from opening new bank or credit card accounts so long as such accounts are funded only with monies not attributable to the activities alleged in the Bureau's Complaint, and so long as

the Individual Defendants contemporaneously notify the Receiver and the Bureau in writing of such openings, the source of the funds for any such accounts, and the intended source of such funds in the future.

*Provided also*, that upon entry of this Order, the freeze of the following accounts will be dissolved and no longer subject to the provisions of the Asset Freeze so long as they provide a monthly accounting of their expenditures to Plaintiff and the Court:

1. Account at Amplify Federal Credit Union in the name of David and Sheila Klein (share/savings account);

2. Account at Amplify Federal Credit Union in the name of David and Sheila Klein (share draft/checking account);

3. Two accounts at Amplify Federal Credit Union in the name of Collin Klein (share draft/checking accounts);

4. Two accounts at Amplify Federal Credit Union in the name of Collin Klein (share/savings accounts);

5. Account at Amplify Federal Credit Union in the name of Samantha and Sheila Klein (share/savings account);

6. Account at Amplify Federal Credit Union in the name of Samantha and Sheila Klein (share draft/checking account); and

7. Account at Amplify Federal Credit Union in the name of Conner and Sheila Klein (share/savings account).

## VII.    RETENTION OF ASSETS AND RECORDS BY FINANCIAL INSTITUTIONS AND OTHER THIRD PARTIES

**IT IS FURTHER ORDERED** that, except as otherwise ordered by this Court, any financial or brokerage institution, business entity, electronic data host, Internet or "e-currency" payment processor, or person served with a copy of this Order, or who otherwise has actual or constructive knowledge of this Order, that holds, controls, or maintains custody of any account, Document, or Asset of, on behalf of, in the name of, for the benefit of, subject to withdrawal by, subject to access or use by, or under the signatory power of any Defendant, Relief Defendant, or other party subject to Section VII above, or has held, controlled, or maintained any such account, Document, or Asset shall:

A. Hold, preserve, and retain within such person's control, and prohibit the withdrawal, removal, alteration, assignment, transfer, pledge, hypothecation, encumbrance, disbursement, dissipation, conversion, sale, liquidation, or other disposal of such account, Document, or Asset held by or under such person's control, except as directed by further order of the Court or as directed in writing by the Receiver regarding accounts, Documents, or Assets held in the name of or benefit of any Receivership Defendant;

B. Provide Plaintiff, and Plaintiff's agents, the Receiver, and the Receiver's agents, immediate access to Documents, including those electronically stored, hosted, or otherwise maintained on behalf of Defendants or Relief Defendant for forensic imaging or copying;

C. Deny access to any safe deposit box, commercial mail box, or storage facility belonging to, for the use or benefit of, controlled by, or titled in the name of any Defendant or Relief Defendant, or subject to access by any Defendant, Relief Defendant, or other party subject to Section VII (Asset Freeze) above, except that this subsection shall not limit the Receiver's access to such places;

D. Provide to Plaintiff's counsel and the Receiver, within one business day, a sworn statement setting forth:

    1. the identification of each account or Asset titled in the name, individually or jointly, or held on behalf of or for the benefit of, subject to withdrawal by, subject to access or use by, or under the signatory power of any Defendant, Relief Defendant, or other party subject to Section VII above, whether in whole or in part;

    2. the balance of each such account, or a description of the nature and value of such Asset, as of the close of business on the day on which this Order is served;

    3. the identification of any safe deposit box, commercial mail box, or storage facility belonging to, for the use or benefit of, controlled by, or titled in the name of any Defendant or Relief Defendant, or subject to access by any Defendant, Relief Defendant or other party subject to Section VII above, whether in whole or in part; and

    4.  if the account, safe deposit box, or other Asset has been closed or removed, the date closed or removed, the balance on said date, and the name or the person or entity to whom such account or other Asset was remitted;

E.  Provide to Plaintiff's counsel and the Receiver, within three business days after being served with a request, copies of all Documents pertaining to such account or Asset, including but not limited to originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs; provided that such institution or custodian may charge a reasonable fee; and

F.  Cooperate with all reasonable requests of the Receiver relating to this Order's implementation.

G.  The accounts subject to this provision include: (a) all Assets of each Defendant and Relief Defendant deposited as of the time this Order is entered, and (b) those Assets deposited after entry of this Order that are derived from the actions alleged in Plaintiff's Complaint. This Section does not prohibit transfers to the Receiver, as specifically required in Section XVI (Delivery of Receivership Property), nor does it prohibit the Repatriation of Foreign Assets, as specifically required in Section X of this Order.

H.  Plaintiff is granted leave, pursuant to Rule 45 of the Federal Rules of Civil Procedure, to subpoena Documents immediately from any financial or brokerage institution, business entity, electronic data host, or person served with a copy of this Order that holds, controls, or maintains custody of any account, Document, or Asset of, on behalf of, in the name of, for the benefit of, subject to access or use by, or under the signatory power of any Defendant, Relief Defendant, or other party subject to Section VI above, or has held, controlled, or maintained any such account, Document, or Asset and such financial or brokerage institution, business entity, electronic data host or person shall respond to such subpoena within three business days after service.

14

## VIII.     FINANCIAL STATEMENTS AND ACCOUNTING

**IT IS FURTHER ORDERED** that each Defendant and Relief Defendant, within three (3) business days of service of this Order, shall prepare and deliver to Plaintiff's counsel and to the Receiver:

A. For each Individual Defendant and Relief Defendant, a completed financial statement accurate as of the date of service of this Order upon such Defendant on the form of Attachment A to this Order captioned "Financial Statement of Individual Defendant."

B. For the Corporate Defendant, a completed financial statement accurate as of the date of service of this Order upon the Corporate Defendant (unless otherwise agreed upon with Plaintiff's counsel) in the form of Attachment B to this Order captioned "Financial Statement of Corporate Defendant."

C. A list of all officers and directors of the Corporate Defendant and all other individuals or entities with authority to direct the operations of the Corporate Defendant or withdraw money from the account of the Corporate Defendant.

D. For each Defendant and Relief Defendant, a statement, verified under oath, of all payments, transfers, or assignments of any Assets worth $5,000 or more since October 27, 2010.  Such statements shall include: (a) the amount transferred or assigned; (b) the name of each transferee or assignee; (c) the date of the assignment or transfer; and (d) the type and amount of consideration paid by or to the Defendant.  Each statement shall specify the name and address of each Financial Institution at which Defendant or Relief Defendant has accounts or safe deposit boxes; and

E. For each Defendant and Relief Defendant, a detailed accounting, verified under oath, of all gross and net profits obtained from, derived from, or related in any way to the offer for sale or sale of any Debt Relief Product or Service since October 27, 2010.

## IX.      CONSUMER CREDIT REPORTS

**IT IS FURTHER ORDERED** that pursuant to Section 604(a)(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(a)(1), Plaintiff may obtain credit reports concerning any Defendant or Relief Defendant, and that, upon written request, any credit reporting agency from which such reports are request shall provide them to Plaintiff.

## X.      REPATRIATION OF FOREIGN ASSETS

**IT IS FURTHER ORDERED** that, within three business days following the service of this Order, each Defendant and Relief Defendant shall:

A. Provide Plaintiff's counsel and the Receiver with a full accounting of all Assets, accounts, and Documents outside of the territory of the United States that are held (1) by Defendants or Relief Defendant; (2) for their benefit; (3) in trust by or for them, individually or jointly; or (4) under their direct or indirect control, individually or jointly;

B. Transfer to the territory of the United States all Assets, accounts, and Documents in foreign countries held (1) by Defendants or Relief Defendant; (2) for their benefit; (3) in trust by or for them, individually or jointly; or (4) under their direct or indirect control, individually or jointly;

C. Hold and retain all repatriated Assets, accounts, funds, and Documents, and prevent any transfer, disposition, or dissipation whatsoever of any such Assets, accounts, or Documents;  and

D. Provide Plaintiff access to all records of accounts or Assets of the Corporate Defendants, Individual Defendants, and Relief Defendant held by financial institutions located outside the territorial United States by signing the Consent to Release of Financial Records attached to this Order as Attachment C. All repatriated Assets, accounts, and Documents are subject to Section VI of this Order.

## XI.        NONINTERFERENCE WITH REPATRIATION

**IT IS FURTHER ORDERED** that Defendants, Relief Defendant, and their successors, assigns, officers, agents, servants, employees, independent contractors, and attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or indirectly, are hereby preliminarily restrained and enjoined from taking any action, directly or indirectly, which may result in the encumbrance or dissipation of foreign Assets, or in the hindrance of the repatriation required by the preceding Section X of this Order, including, but not limited to:

A. Sending any statement, letter, fax, email or wire transmission, or telephoning or engaging in any other act, directly or indirectly, that results in a determination by a foreign trustee or other entity that a "duress" event has occurred under the terms of a foreign trust agreement until such time that all Assets have been fully repatriated pursuant to Section X of this Order; or

B. Notifying any trustee, protector, or other agent of any foreign trust or other related entities of either the existence of this Order, or of the fact that repatriation is required pursuant to a court order, until such time that all Assets have been fully repatriated pursuant to Section X of this Order.

## XII.        APPOINTMENT OF A RECEIVER

**IT IS FURTHER ORDERED** that Robb Evans and Associates, LLC is appointed Receiver for the business activities of Receivership Defendant with the full power of an equity receiver. The Receiver shall be the agent of this Court and solely the agent of this Court in acting as Receiver under this Order. The Receiver shall be accountable directly to this Court. The Receiver shall comply with all laws and Local Rules of this Court governing federal equity receivers.

## XIII.    DUTIES AND AUTHORITIES OF RECEIVER

**IT IS FURTHER ORDERED** that the Receiver is directed and authorized to accomplish the following:

A. Assume full control of the Receivership Defendant by removing, as the Receiver deems necessary or advisable, any director, officer, independent contractor, employee, or agent of any of the Receivership Defendant including any named Defendant, from control of, management of, or participation in, the affairs of the Receivership Defendant;

B. Take exclusive custody, control, and possession of all Assets and Documents of, or in the possession, custody, or under the control of, the Receivership Defendant, wherever situated. The Receiver shall have full power to divert mail and to sue for, collect, receive, take into possession, hold, and manage all Assets and Documents of the Receivership Defendant and other persons whose interests are now held by or under the direction, possession, custody, or control of the Receivership Defendant. The Receiver shall not, however, attempt to collect or receive any amount from a consumer if the Receiver believes the consumer was a victim of the unlawful conduct alleged in the complaint in this matter;

C. Take all steps necessary to secure the business premises of the Receivership Defendant. Such steps may include, but are not limited to, the following as the Receiver deems necessary or advisable:

    1. serving and filing this Order;

    2. completing a written inventory of all Receivership Assets;

    3. obtaining pertinent information from all employees and other agents of the Receivership Defendant, including but not limited to, the name, home address, social security number, job description, method of compensation, and all accrued and unpaid commissions and compensation of each such employee or agent, and all computer hardware and software passwords;

    4. videotaping or photographing all portions of such business premises;

    5. securing the location by changing the locks and disconnecting any computer modems or other means of access to the computer or other records maintained at that location;

    6. requiring any persons present on the premises at the time this Order is served to leave the premises, to provide the Receiver with proof of identification, or to demonstrate to the satisfaction of the Receiver that

such persons are not removing from the premises Documents or Assets of the Receivership Defendant; and

    7. requiring all employees, independent contractors, and consultants of the Receivership Defendant to complete a questionnaire submitted by the Receiver;

D. Conserve, hold, and manage all Receivership Assets, and perform all acts necessary or advisable to preserve the value of those Assets, in order to prevent any irreparable loss, damage, or injury to consumers or to creditors of the Receivership Defendant, including, but not limited to, obtaining an accounting of the Assets and preventing transfer, withdrawal, or misapplication of Assets;

E. Liquidate any and all securities or commodities owned by or for the benefit of the Receivership Defendant as the Receiver deems to be advisable or necessary;

F. Enter into contracts and purchase insurance as the Receiver deems to be advisable or necessary;

G. Prevent the inequitable distribution of Assets and determine, adjust, and protect the interests of consumers and creditors who have transacted business with the Receivership Defendant;

H. Manage and administer the business of the Receivership Defendant until further order of this Court by performing all incidental acts that the Receiver deems to be advisable or necessary, which includes retaining, hiring, or dismissing any employees, independent contractors, or agents;

I. Choose, engage, and employ attorneys, accountants, appraisers, and other independent contractors and technical specialists, as the Receiver deems advisable or necessary in the performance of duties and responsibilities under the authority granted by this Order;

J. Make payments and disbursements from the Receivership estate that are necessary or advisable for carrying out the directions of, or exercising the authority granted by, this Order. The Receiver shall apply to the Court for prior approval of any payment of any debt or obligation incurred by the Receivership Defendant prior to the date of entry of this Order, except payments that the

Receiver deems necessary or advisable to secure assets of the Receivership Defendant, such as rental payments;

K. Determine and implement measures to ensure that the Receivership Defendant comply with and prevent violations of this Order and all other applicable laws, including, but not limited to, if appropriate, revising sales materials and implementing monitoring procedures;

L. Institute, compromise, adjust, appear in, intervene in, or become party to such actions or proceedings in state, federal, or foreign courts that the Receiver deems necessary and advisable to preserve or recover the Assets of the Receivership Defendant, or that the Receiver deems necessary and advisable to carry out the Receiver's mandate under this Order;

M. Defend, compromise, adjust, or otherwise dispose of any or all actions or proceedings instituted in the past or in the future against the Receiver in his or her role as Receiver, or against the Receivership Defendant, that the Receiver deems necessary and advisable to preserve the Assets of the Receivership Defendant or that the Receiver deems necessary and advisable to carry out the Receiver's mandate under this Order;

N. Continue and conduct the business of the Receivership Defendant in such manner, to such extent, and for such duration as the Receiver may in good faith deem to be necessary or appropriate to operate the business profitably and lawfully, if at all; provided, however, that the continuation and conduct of the business shall be conditioned upon the Receiver's good faith determination that the businesses can be lawfully operated at a profit using the Assets of the receivership estate;

O. Take depositions and issue subpoenas to obtain Documents and records pertaining to the receivership estate and compliance with this Order. Subpoenas may be served by agents or attorneys of the Receiver and by agents of any process server retained by the Receiver;

P. Open one or more bank accounts as designated depositories for funds of the Receivership Defendant. The Receiver shall deposit all funds of the Receivership

Defendant in such a designated account and shall make all payments and disbursements from the receivership estate from such account(s);

Q. Maintain accurate records of all receipts and expenditures that it makes as Receiver;

R. Cooperate with reasonable requests for information or assistance from any state or federal law enforcement agency;

S. Maintain the chain of custody of all of Defendants' records in their possession; and

T. Notify all courts in which Receivership Defendant have litigation pending, that this case is pending, and request temporary stays, where appropriate, of those cases or any other necessary relief to preserve the rights of consumers.

## XIV.     CONTINUING ACCESS TO BUSINESS PREMISES AND RECORDS

**IT IS FURTHER ORDERED** that Plaintiff, the Receiver, and their respective representatives, agents, contractors, or assistants, are permitted continued access to Defendants' business premises; and

**IT IS FURTHER ORDERED** that the Defendants and their successors, assigns, officers, directors, agents, servants, employees, attorneys, and all other persons directly or indirectly, in whole or in part, under their control, and all other persons in active concert or participation with them, who receive actual notice of this Order by personal service, facsimile, email, or otherwise, whether acting directly or, shall:

A. Allow Plaintiff and the Receiver, and their respective representatives, agents, attorneys, investigators, paralegals, contractors, or assistants, continuing access to:

    1. all of the Defendants' business premises, including but not limited to:

        a. 9011 Mountain Ridge Dr., Suites. 130-E, 130-F, 130- G, 200, and 220, Austin, TX 78759

        b. any storage facilities; and

        c. such other business locations that are wholly or partially owned, rented, leased, or under the temporary or permanent control of any Defendant;

2. any other premises where the Defendants conduct business, sales operations, or customer service operations;

3. any premises where Documents related to the Defendants' businesses are stored or maintained, including but not limited to a storage unit;

4. any premises where Assets belonging to any Defendant are stored or maintained; and

5. any Documents located at any of the locations described in this Section;

B. To the extent not already done, immediately identify to Plaintiff's counsel and the Receiver:

1. all of Defendants business premises and storage facilities;

2. any non-residence premises where any Defendant conducts business, sales operations, or customer service operations;

3. any non-residence premises where Documents related to the business, sales operations, or customer service operations of any Defendant are hosted, stored, or otherwise maintained, including but not limited to the name and location of any Electronic Data Hosts; and

4. any non-residence premises where Assets belonging to any Defendant are stored or maintained; and

C. Provide Plaintiff and the Receiver, and their respective representatives, agents, attorneys, investigators, paralegals, contractors, or assistants with any necessary means of access to, copying of, and forensic imaging of Documents, including, without limitation, identifying the locations of Receivership Defendant' business premises, keys and combinations to business premises locks, passwords to devices that hold Electronically Stored Information, computer access codes of all computers used to conduct Receivership Defendant' business, access to (including but not limited to execution of any Documents necessary for access to and forensic imaging of) any data stored, hosted or otherwise maintained by an electronic data host, and storage area access information;

**IT IS FURTHER ORDERED** that:

A. Plaintiff and the Receiver are authorized to employ the assistance of federal, state, and local law enforcement officers, including, but not limited to, the United

States Marshals service, the United States Marshal or Deputy United States Marshal, the Federal Bureau of Investigation, the Internal Revenue Service, and the Sheriff or deputy of any county, and the Police Department and police officer of any community, to effect service, to implement peacefully the provisions of this Order, and to keep the peace.

B. The Chapter 7 Trustee and the Receiver will continue to allow Plaintiff and its representatives, agents, contractors, or assistants into the premises and facilities described in this Section to inspect, inventory, image, and copy Documents relevant to any matter contained in this Order, wherever they may be situated. The Receiver may exclude Defendants and their agents and employees from the business premises and facilities during the immediate access. No one shall interfere with Plaintiff's or the Receiver's inspection of the Defendants' premises or documents.

C. The Receiver and Plaintiff shall have the right to remove any Documents, including any devices containing Electronically Stored Information related to Defendants' business practices from the premises in order that they may be inspected, inventoried, and copied. The materials so removed shall be returned within five business days of completing said inventory and copying. If any property, records, Documents, or computer files relating to the Receivership Defendant' finances or business practices are located in the residence of any Defendant or are otherwise in the custody or control of any Defendant, then such Defendant shall produce them to the Receiver within twenty-four hours of service of this Order. In order to prevent the destruction of computer data, upon service of this Order upon Defendants, any such computers may be powered down (turned off) in the normal course for the operating systems used on such computers and shall not be powered up or used again until produced for copying and inspection, along with any codes needed for access. Plaintiff's and the Receiver's representatives may also photograph and videotape the inside and outside of all premises to which they are permitted access by this Order, and all Documents and other items found on such premises;

D. Plaintiff's access to the Defendants' Documents pursuant to this Order shall not provide grounds for any Defendant to object to any subsequent request for Documents served by Plaintiff; and

E. The Receiver shall allow the Defendants and their representatives reasonable access to the premises of the Receivership Defendant. The purpose of this access shall be to inspect, inventory, and copy any and all Documents and other property owned by or in the possession of the Receivership Defendant, provided that those Documents and property are not removed from the premises. The Receiver shall have the discretion to determine the time, manner, and reasonable conditions of such access.

F. To the extent not already done, Defendants and their employees, agents, and bookkeepers shall also immediately provide usernames and passwords to all computers that store information concerning Defendants' business operations;

G. To the extent not already done, Defendants and their employees shall surrender Blackberry, iPhone, Android, or other mobile access devices that contain information concerning Defendants' business operations to the Receiver or Plaintiff's representatives.

## XV.    COOPERATION WITH RECEIVER

**IT IS FURTHER ORDERED** that:

A. To the extent not already done under the TRO issued in this case, Defendants, and their successors, assigns, officers, agents, directors, servants, employees, salespersons, independent contractors, attorneys, and corporations, and all other persons or entities in active concert or participation with them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or indirectly, or any of them, shall fully cooperate with and assist the Receiver. Defendants' cooperation and assistance shall include, but not be limited to:

1. Providing any information to the Receiver that the Receiver deems necessary to exercising the authority and discharging the responsibilities of

24

the Receiver under this Order, including but not limited to allowing the Receiver to inspect Documents and Assets and to partition office space;

2. Providing any username or password and executing any documents required to access any computer or electronic files in any medium, including but not limited to Electronically Stored Information stored, hosted, or otherwise maintained by an electronic data host; and

3. Advising all persons who owe money to the Receivership Defendant that all debts should be paid directly to the Receiver; and

B. Defendants and their successors, assigns, officers, directors, agents, servants, employees, attorneys, and all other persons or entities directly or indirectly, in whole or in part, under their control, and all other persons in active concert or participation with them, who receive actual notice of this Order by personal service or otherwise, shall not interfere in any manner, directly or indirectly with the custody possession, management, or control by the Receiver of Assets and Documents, and are hereby preliminarily restrained and enjoined from directly or indirectly:

1. Transacting any of the business of the Receivership Defendant;

2. Destroying, secreting, erasing, mutilating, defacing, concealing, altering, transferring or otherwise disposing of, in any manner, directly or indirectly, any Documents or equipment of the Receivership Defendant, including but not limited to contracts, agreements, consumer files, consumer addresses and telephone numbers, correspondence, advertisements, brochures, sales material, sales presentations, Documents evidencing or referring to Defendants' services, training materials, scripts, data, computer tapes, disks, or other computerized records, books, written or printed records, handwritten notes, telephone logs, "verification" or "compliance" tapes or other audio or video tape recordings, receipt books, invoices, postal receipts, ledgers, personal and business canceled checks and check registers, bank statements, appointment books, copies of federal, state or local business or personal income or property tax returns, photographs, mobile devices, electronic storage media, accessories, and

25

any other Documents, records or equipment of any kind that relate to the business practices or business or personal finances of the Receivership Defendant or any other entity directly or indirectly under the control of the Receivership Defendant;

3. Transferring, receiving, altering, selling, encumbering, pledging, assigning, liquidating, or otherwise disposing of any Assets owned, controlled, or in the possession or custody of, or in which an interest is held or claimed by, the Receivership Defendant, or the Receiver;

4. Excusing debts owed to the Receivership Defendant;

5. Failing to notify the Receiver of any Asset, including accounts, of a Receivership Defendant held in any name other than the name of the Receivership Defendant, or by any person or entity other than the Receivership Defendant, or failing to provide any assistance or information requested by the Receiver in connection with obtaining possession, custody, or control of such Assets;

6. Failing to create and maintain books, records, and accounts which, in reasonable detail, accurately, fairly, and completely reflect the incomes, assets, disbursements, transactions and use of monies by the Defendants or any other entity directly or indirectly under the control of the Defendants;

7. Doing any act or refraining from any act whatsoever to interfere with the Receiver's taking custody, control, possession, or managing of the Assets or Documents subject to this Receivership; or to harass or to interfere with the Receiver in any way; or to interfere in any manner with the exclusive jurisdiction of this Court over the Assets or Documents of the Receivership Defendant; or to refuse to cooperate with the Receiver or the Receiver's duly authorized agents in the exercise of their duties or authority under any Order of this Court; and

8. Filing, or causing to be filed, any petition on behalf of the Receivership Defendant for relief under the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, without prior permission from this Court.

## XVI.    DELIVERY OF RECEIVERSHIP PROPERTY

**IT IS FURTHER ORDERED** that immediately upon service of this Order upon them or upon their otherwise obtaining actual knowledge of this Order, or within a period permitted by the Receiver, Defendants and any other person or entity, including but not limited to financial institutions and electronic data hosts, shall transfer or deliver access to possession, custody, and control of the following to the Receiver:

A. All Assets of the Receivership Defendant;

B. All Documents of the Receivership Defendant, including but not limited to books and records of accounts, all financial and accounting records, balance sheets, income statements, bank records (including monthly statements, canceled checks, records of wire transfers, records of ACH transactions, and check registers), client or customer lists, title documents and other papers;

C. All Assets belonging to members of the public now held by the Receivership Defendant;

D. All keys, computer and other passwords, user names, entry codes, combinations to locks required to open or gain or secure access to any Assets or Documents of the Receivership Defendant, wherever located, including, but not limited to, access to their business premises, means of communication, accounts, computer systems, or other property; and

E. Information identifying the accounts, employees, properties, or other assets or obligations of the Receivership Defendant.

In the event any person or entity fails to deliver or transfer immediately any asset or otherwise fails to comply with any provision of this Section, the Receiver may file *ex parte* with the court an Affidavit of Non-Compliance regarding the failure. Upon filing of the affidavit, the Court may authorize, without additional process or demand, Writs of Possession or Sequestration or other equitable writs requested by the Receiver. The writs shall authorize and direct the United States Marshal, any Deputy United States Marshal, the Federal Bureau of Investigation, the Internal Revenue Service, or any sheriff or deputy sheriff of any county to seize the Asset, Document, or other thing and to deliver it to the Receiver.

## XVII.   COMPENSATION FOR RECEIVER

**IT IS FURTHER ORDERED** that the Receiver and all personnel hired by the Receiver as herein authorized, including counsel to the Receiver and accountants, are entitled to reasonable compensation for the performance of duties pursuant to this Order, and for the cost of actual out-of-pocket expenses incurred by them, from the assets now held by or in the possession or control of, or which may be received by, the Receivership Defendant. The Receiver shall file with the Court and serve on the parties periodic requests for the payment of such reasonable compensation, with the first such request filed no more than sixty (60) days after the date of this Order. The Receiver shall not increase the hourly rates used as the bases for such fee applications without prior approval of the Court.

## XVIII.   RECEIVER'S REPORTS

**IT IS FURTHER ORDERED** that the Receiver shall report to this Court within thirty (30) days of the entry of this Order regarding: (1) the steps taken by the Receiver to implement the terms of this Order; (2) the value of all liquidated and unliquidated assets of the Receivership Defendant; (3) the sum of all liabilities of the Receivership Defendant; (4) the steps the Receiver intends to take in the future to (a) prevent any diminution in the value of assets of the Receivership Defendant, (b) pursue receivership assets from third parties, and (c) adjust the liabilities of the Receivership Defendant, if appropriate; (5) the Receiver's assessment of whether the business can be operated in compliance with this Order; and (6) any other matters that the Receiver believes should be brought to the Court's attention. *Provided, however,* that if any of the required information would hinder the Receiver's ability to pursue receivership assets, the portions of the Receiver's report containing such information may be filed under seal and not served on the parties.

## XIX.   WITHDRAWAL OF RECEIVER

**IT IS FURTHER ORDERED** that the Receiver and any professional retained by the Receiver, including but not limited to his or her attorneys and accountants, be and are hereby authorized to reasonably withdraw from his or her respective appointments or representations and apply for payment of their professional fees and costs at any time after the date of this Order by sending written notice seven days prior to the date of the intended

withdrawal to the Court and to the parties along with a written report reflecting the Receiver's work, findings, and recommendations, as well as an accounting for all funds and assets in possession or control of the Receiver. The Receiver shall be exonerated and the receivership deemed closed seven days from the date of the mailing of such notice of withdrawal. The Court will retain jurisdiction to consider the fee applications, report, and accounting submitted by the Receiver and the professionals. The written notice shall include an interim report indicating the Receiver's actions and reflect the knowledge gained along with the fee applications of the Receiver and his or her professionals. The report shall also contain the Receiver's recommendations, if any.

**XX.     RECEIVER'S BOND/LIABILITY**

**IT IS FURTHER ORDERED** that no bond shall be required in connection with the appointment of the Receiver. Except for an act of gross negligence, the Receiver and the professionals shall not be liable for any loss or damage suffered by any of the Defendants, their officers, agents, servants, employees, and attorneys or any other person, by reason of any act performed or omitted to be performed by the Receiver and the professionals in connection with the discharge of his or her duties and responsibilities, including but not limited to their withdrawal from the case under Section XIX.

**XXI.     PROHIBITION ON RELEASE OF CONSUMER INFORMATION**

**IT IS FURTHER ORDERED** that, except as required by a law enforcement agency, law, regulation, or court order, Defendants, and their successors, assigns, officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, are preliminarily restrained and enjoined from disclosing, using, or benefitting from consumer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a consumer's account (including a credit card, bank account, or other financial account), of any person, which any Defendant obtained prior to entry of this Order in connection with any Debt Relief Product or Service.

## XXII.    STAY OF ACTIONS

**IT IS FURTHER ORDERED** that:

A. Except by leave of this Court, during pendency of the Receivership ordered herein, Defendants are hereby stayed from taking any action for, against, on behalf of, or in the name of any of the following: the Receivership Defendant, any of their subsidiaries, affiliates, partnerships, Assets, Documents or the Receiver or the Receiver's duly authorized agents acting in their capacities as such. Such hereby-stayed actions include, but are not limited to, the following:

1. Commencing, prosecuting, continuing, entering, or enforcing any suit or proceeding, except that such actions may be filed to toll any applicable statute of limitations;

2. Accelerating the due date of any obligation or claimed obligation; filing or enforcing any lien; taking or attempting to take possession, custody, or control of any asset; attempting to foreclose, forfeit, alter, or terminate any interest in any asset, whether such acts are part of a judicial proceeding, are acts of self-help, or otherwise; or

3. Executing, issuing, serving, or causing the execution, issuance, or service of, any legal process, including, but not limited to, attachments, garnishments, subpoenas, writs of replevin, writs of execution, or any other form of process whether specified in this Order or not; or

4. Doing any act or thing whatsoever to interfere with the Receiver taking custody, control, possession, or management of the Assets or Documents subject to the Receivership, or to harass or interfere with the Receiver in any way, or to interfere in any manner with the exclusive jurisdiction of this Court over the Assets or Documents of the Receivership Defendant;

B. This Section XXII does not stay:

1. The commencement or continuation of a criminal action or proceeding;

2. The continuation of the Bankruptcy Proceeding;

3. The commencement or continuation of an action or proceeding by a state bar association to enforce its police or regulatory power;

4. The commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power;

5. The enforcement of a judgment, other than a money judgment, obtained in an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power; or

6. The issuance to a Receivership Defendant of a notice of tax deficiency; and

C. Except as otherwise provided in this Order, all persons and entities in need of documentation from the Receiver shall in all instances first attempt to secure such information by submitting a formal written request to the Receiver, and, if such request has not been responded to within thirty days of receipt by the Receiver, any such person or entity may thereafter seek an Order of this Court with regard to the relief requested.

## XXIII.   LIMITED EXPEDITED DISCOVERY

**IT IS FURTHER ORDERED** that Plaintiff and the Receiver are granted leave to conduct certain expedited discovery, and that, commencing with the time and date of this Order, in lieu of the time periods, notice provisions, and other requirements of Rules 19, 26, 30, 34, and 45 of the Federal Rules of Civil Procedure, and applicable Local Rules, the Bureau and the Receiver are granted leave to:

A. Take the deposition, on three days' notice, of any person or entity, whether or not a party, for the purpose of: (1) discovering the nature, location, status, and extent of Assets of Defendants or their affiliates or subsidiaries; (2) discovering the nature and location of Documents and business records of Defendants or their affiliates or subsidiaries; and (3) enforcing compliance with this Order. The limitations and conditions set forth in Rules 30(a)(2) and 31(a)(2) of the Federal Rules of Civil Procedure regarding subsequent depositions shall not apply to depositions taken pursuant to this Section. In addition, any such depositions taken pursuant to this Section shall not be counted toward the ten deposition limit set forth in Rules 30(a)(2)(A)(i) and 31(a)(2)(A)(i) of the Federal Rules of

Civil Procedure and shall not preclude Plaintiff from subsequently deposing the same person or entity in accordance with the Federal Rules of Civil Procedure. Service of discovery upon a party, taken pursuant to this Section, shall be sufficient if made by facsimile, email or by overnight delivery. Any deposition taken pursuant to this subsection that has not been reviewed and signed by the deponent may be used by any party for purposes of the preliminary injunction hearing;

B. Serve upon parties requests for production of documents or inspection that require production or inspection within three calendar days of service, and may serve subpoenas upon non-parties that direct production or inspection within five calendar days of service, for the purpose of discovering: (1) the nature, location, status, and extent of assets of Defendants or their affiliates or subsidiaries; (2) the nature and location of Documents and business records of Defendants or their affiliates or subsidiaries; and (3) compliance with this Order, *provided that* twenty-four hours' notice shall be deemed sufficient for the production of any such Documents that are maintained or stored only as electronic data;

C. Serve deposition notices and other discovery requests upon the parties to this action by facsimile or overnight courier, and take depositions by telephone or other remote electronic means; and

D. If a Defendant fails to appear for a properly noticed deposition or fails to comply with a request for production or inspection, seek to prohibit that Defendant from introducing evidence at any subsequent hearing.

## XXIV. MONITORING

**IT IS FURTHER ORDERED** that Plaintiff's agents or representatives may contact Defendants directly or anonymously for the purpose of monitoring compliance with Sections I and II of this Order, and may tape record any oral communications that occur in the course of such contacts.

## XXV.    NOTIFICATION OF BUSINESS ACTIVITIES

**IT IS FURTHER ORDERED** that:

A. Defendants are hereby preliminarily enjoined from directly or indirectly creating, operating, or exercising any control over any business entity, including any partnership, limited partnership, joint venture, sole proprietorship or corporation, without first serving on counsel for the Bureau a written statement disclosing the following:  (1) the name of the business entity; (2) the address and telephone number of the business entity; (3) the names of the business entity's officers, directors, principals, managers and employees; and (4) a detailed description of the business entity's intended or actual activities.

B. Individual Defendants must notify the Bureau at least seven (7) days prior to affiliating with, becoming employed by, or performing any work for any business that is not a named Defendant in this action. Each notice must include his new business address and a statement of the nature of the business or employment and the nature of his duties and responsibilities in connection with that business or employment.

## XXVI.    DEFENDANTS' DUTY TO DISTRIBUTE ORDER

**IT IS FURTHER ORDERED** that Defendants shall immediately provide a copy of this Order to each affiliate, subsidiary, division, sales entity, successor, assign, officer, director, employee, independent contractor, client company, electronic data host, agent, authorized signatory to bank accounts, attorney, spouse, and representative of Defendants and shall, within three calendar days from the date of entry of this Order, provide Plaintiff's counsel with a sworn statement that: (a) confirms that Defendants have provided copies of the Order as required by this Section and (b) lists the names and addresses of each entity or person to whom Defendants provided a copy of the Order. Furthermore, Defendants shall not take any action that would encourage officers, agents, directors, employees, salespersons, independent contractors, attorneys, subsidiaries, affiliates, successors, assigns, or other persons or entities in active concert or participation with Defendants to disregard this Order or believe that they are not bound by its provisions.

## XXVII.   CORRESPONDENCE WITH PLAINTIFF CONSUMER FINANCIAL PROTECTION BUREAU

**IT IS FURTHER ORDERED** that, for the purposes of this Order, because mail addressed to the Bureau is subject to delay due to heightened security screening, all correspondence and service of pleadings on Plaintiff Consumer Financial Protection Bureau shall be sent either via electronic submission or via overnight express delivery to:

Consumer Financial Protection Bureau
Office of Enforcement
1625 Eye Street, NW
Washington, DC 20006
ATTN: Laura Schneider
Email: Laura.Schneider@cfpb.gov

## XXVIII.   SERVICE OF THIS ORDER

**IT IS FURTHER ORDERED** that copies of this Order may be served by facsimile transmission, email, personal or overnight delivery, or US Mail, by Plaintiff's agents and employees or any local, state, or federal law enforcement agency or by private process server, upon any financial institution or other entity or person that may have possession, custody, or control of any Documents or Assets of any Defendant, or that may otherwise be subject to any provision of this Order. Service upon any branch or office of any financial institution shall effect service upon the entire financial institution.

## XXIX.   EXPIRATION OF ORDER

**IT IS FURTHER ORDERED** that this Order will expire upon entry of a final judgment in this case.

## XXX.   RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for all purposes of construction, modification, and enforcement of this Order.

**DONE and ORDERED** in Chambers at Miami, Florida, this 14th day of September 2015.

MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Edwin G. Torres, U.S. Magistrate Judge*
*Counsel of Record*

# Attachment A

Consumer Financial Protection Bureau

**FINANCIAL STATEMENT OF INDIVIDUAL DEFENDANT**

**Instructions**:

1 Complete all items. Enter "None" or "N/A" ("Not Applicable") where appropriate. If you cannot fully answer a question, explain why.

2 "Dependents" include your live-in companion, dependent children, or any other person, whom you or your spouse (or your children's other parent) claimed or could have claimed as a dependent for tax purposes at any time during the past five years.

3 "Assets" and "Liabilities" include <u>ALL</u> assets and liabilities, located within the United States or elsewhere, whether held individually or jointly.

4 Attach continuation pages as needed. On the financial statement, state next to the Item number that the Item is being continued. On the continuation page(s), identify the Item number(s) being continued.

5 Type or print legibly.

6 Initial each page in the space provided in the lower right corner.

7 Sign and date the completed financial statement on the last page.


**Penalty for False Information**:

Federal law provides that any person may be imprisoned for not more than five years, fined, or both, if such person in any:

(a) "matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully (1) falsifies, conceals or covers up by any trick, scheme, or device a material fact; (2) makes any false, fictitious or fraudulent statement or representation; or (3) makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry" (18 U.S.C. § 1001);

(2) "statement under penalty of perjury as permitted under section 1746 of title 28, United States Code, willfully subscribes as true any material matter which he does not believe to be true" (18 U.S.C. § 1621); or

(3) "(...statement under penalty of perjury as permitted under section 1746 of title 28, United States Code) in any proceeding before or ancillary to any court or grand jury of the United States knowingly makes any false material declaration or makes or uses any other information...knowing the same to contain any false material declaration." (18 U.S.C. § 1623)

For a felony conviction under the provisions cited above, federal law provides that the fine may be not more than the greater of (i) $250,000 for an individual or $500,000 for a corporation, or (ii) if the felony results in pecuniary gain to any person or pecuniary loss to any person other than the defendant, the greater of twice the gross gain or loss. 18 U.S.C. § 3571.

## BACKGROUND INFORMATION

**Item 1.  Information About You**

Your Full Name _____ Social Security No. _____

Place of Birth _____ Date of Birth _____ Drivers License No. _____

Current Address _____ From (Date) _____

Rent or Own? _____ Telephone No. _____ Facsimile No. _____

E-Mail Address _____ Internet Home Page _____

Previous Addresses for past five years:

Address_____ Rent or Own?_____ From/Until_____

Address_____ Rent or Own?_____ From/Until_____

Identify any other name(s) and/or social security number(s) you have used, and the time period(s) during which they were

used_____

Marital Status:  _____ (i.e., Married, Single, Divorced, Widowed, Separated)

**Item 2.  Information About Your Spouse or Live-In Companion**

Spouse/Companion's Name _____ Social Security No. _____

Place of Birth _____ Date of Birth _____

Identify any other name(s) and/or social security number(s) your spouse/companion has used, and the time period(s) during

which they were used _____

Address (if different from yours) _____

From (Date) _____ Rent or Own?_____ Telephone No._____

Employer's Name and Address _____

Job Title _____ Years in Present Job _____ Annual Gross Salary/Wages $_____

**Item 3.  Information About Your Previous Spouse**

Previous Spouse's Name & Address _____

_____ Social Security No. _____ Date of Birth _____

Initials _____

**Item 4.  Contact Information**

Name & Address of Nearest Living Relative or Friend _____

_____ Telephone No. _____

**Item 5.  Information About Dependents Who Live With You**

Name _____ Date of Birth _____

Relationship _____ Social Security No. _____

Name _____ Date of Birth _____

Relationship _____ Social Security No. _____

Name _____ Date of Birth _____

Relationship _____ Social Security No. _____

**Item 6.  Information About Dependents Who Do Not Live With You**

Name & Address _____

Date of Birth _____ Relationship _____ Social Security No._____

Name Address _____

Date of Birth _____ Relationship _____ Social Security No._____

Name & Address _____

Date of Birth _____ Relationship _____ Social Security No._____

**Item 7.  Employment Information**

Provide the following information for this year-to-date and for each of the previous five full years, for each company of which you were a director, officer, employee, agent, contractor, participant or consultant at any time during that period. "Income" includes, but is not limited to, any salary, commissions, draws, consulting fees, loans, loan payments, dividends, royalties or other benefits for which you did not pay (*e.g.,* health insurance premiums, automobile lease or loan payments) received by you or anyone else on your behalf.

Company Name & Address _____

Dates Employed:  From (Month/Year) _____ To (Month/Year) _____

Positions Held with Beginning and Ending Dates _____

Income Received:  This year-to-date:     $_____ _____: $_____

                  20_____:     $_____ _____: $_____

                  _____:     $_____ _____: $_____

3

Initials _____

Company Name & Address _____

Dates Employed:  From (Month/Year) _____ To (Month/Year) _____

Positions Held with Beginning and Ending Dates _____

Income Received:  This year-to-date:     $_____ _____: $_____

                20_____:     $_____ _____: $_____

                _____:     $_____ _____: $_____

Company Name & Address _____

Dates Employed:  From (Month/Year) _____ To (Month/Year) _____

Positions Held with Beginning and Ending Dates _____

Income Received:  This year-to-date:     $_____ _____: $_____

                20_____:     $_____ _____: $_____

                _____:     $_____ _____: $_____

**Item 8.  Pending Lawsuits Filed by You or Your Spouse**

List all pending lawsuits that have been filed by you or your spouse in court or before an administrative agency. (List lawsuits that resulted in final judgments or settlements in Items 16 and 25).

Opposing Party's Name & Address _____

Court's Name & Address _____

Docket No. _____ Relief Requested _____ Nature of Lawsuit _____

_____ Status _____

**Item 9.  Pending Lawsuits Filed Against You or Your Spouse**

List all pending lawsuits that have been filed against you or your spouse in court or before an administrative agency. (List lawsuits that resulted in final judgments or settlements in Items 16 and 25).

Opposing Party's Name & Address _____

Court's Name & Address _____

Docket No. _____ Relief Requested _____ Nature of Lawsuit _____

_____ Status _____

                                              Initials _____

**Item 10.  Safe Deposit Boxes**

List all safe deposit boxes, located within the United States or elsewhere, held by you, your spouse, or any of your dependents, or held by others for the benefit of you, your spouse, or any of your dependents.  On a separate page, describe the contents of each box.

Owner's Name          Name & Address of Depository Institution                    Box No.

_____     _____     _____

_____     _____     _____

**Item 11.  Business Interests**

List all businesses for which you, your spouse, or your dependents are an officer or director.

Business' Name & Address _____

Business Format (e.g., corporation) _____ Description of Business _____

_____ Position(s) Held, and By Whom _____

Business' Name & Address _____

Business Format (e.g., corporation) _____ Description of Business _____

_____ Position(s) Held, and By Whom _____

Business' Name & Address _____

Business Format (e.g., corporation) _____ Description of Business _____

_____ Position(s) Held, and By Whom _____

## FINANCIAL INFORMATION: ASSETS AND LIABILITIES

**REMINDER: "Assets" and "Liabilities" include ALL assets and liabilities, located within the United States or elsewhere, whether held individually or jointly.**

**Item 12.  Cash, Bank, and Money Market Accounts**

List cash and all bank and money market accounts, including but not limited to, checking accounts, savings accounts, and certificates of deposit, held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.  The term "cash" includes currency and uncashed checks.

Cash on Hand $_____ Cash Held For Your Benefit  $_____

Name on Account      Name & Address of Financial Institution          Account No.          Current Balance

_____     _____     _____   $_____

_____     _____     _____   $_____

_____     _____     _____   $_____

5                                                                                   Initials _____

_____ _____ _____ $_____

_____ _____ _____ $_____

_____ _____ _____ $_____

## Item 13.  U.S. Government Securities

List all U.S. Government securities, including but not limited to, savings bonds, treasury bills, and treasury notes, held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

Name on Account       Type of Obligation              Security Amount          Maturity Date
_____ _____            $_____         _____

_____ _____            $_____         _____

_____ _____            $_____         _____

## Item 14.  Publicly Traded Securities and Loans Secured by Them

List all publicly traded securities, including but not limited to, stocks, stock options, registered and bearer bonds, state and municipal bonds, and mutual funds, held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

Issuer _____ Type of Security _____ No. of Units Owned _____

Name on Security _____ Current Fair Market Value $_____ Loan(s) Against Security $_____

Broker House,  Address _____ Broker Account No. _____

## Item 15.  Other Business Interests

List all other business interests, including but not limited to, non-public corporations, subchapter-S corporations, limited liability corporations ("LLCs"), general or limited partnership interests, joint ventures, sole proprietorships, and oil and mineral leases, held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

Business Format _____ Business' Name & Address_____

_____ Ownership % _____

Owner (e.g., self, spouse) _____ Current Fair Market Value $_____

## Item 16.  Monetary Judgments or Settlements Owed to You, Your Spouse, or Your Dependents

List all monetary judgments or settlements owed to you, your spouse, or your dependents.

Opposing Party's Name & Address_____

6                                                                      Initials _____

Court's Name & Address _____

Docket No. _____ Nature of Lawsuit _____

Date of Judgment _____ Amount $_____

**Item 17.  Other Amounts Owed to You, Your Spouse, or Your Dependents**

List all other amounts owed to you, your spouse, or your dependents.

Debtor's Name, Address, & Telephone No. _____

Original Amount Owed $_____ Current Amount Owed $_____ Monthly Payment $_____

**Item 18.  Life Insurance Policies**

List all life insurance policies held by you, your spouse, or your dependents.

Insurance Company's Name, Address, & Telephone No._____

Insured _____ Beneficiary _____ Face Value $_____

Policy No. _____ Loans Against Policy $_____ Surrender Value $_____

Insurance Company's Name, Address, & Telephone No._____

Insured _____ Beneficiary _____ Face Value $_____

Policy No. _____ Loans Against Policy $_____ Surrender Value $_____

**Item 19.  Deferred Income Arrangements**

List all deferred income arrangements, including but not limited to, deferred annuities, pensions plans, profit-sharing plans, 401(k) plans, IRAs, Keoghs, and other retirement accounts, held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

Name on Account _____ Type of Plan _____ Date Established _____

Trustee or Administrator's Name, Address & Telephone No._____

Account No. _____ Surrender Value $_____

Name on Account _____ Type of Plan _____ Date Established_____

Trustee or Administrator's Name, Address & Telephone No._____

Account No. _____ Surrender Value $_____

7

Initials _____

**Item 20.  Personal Property**

List all personal property, by category, whether held for personal use or for investment, including but not limited to, furniture and household goods of value, computer equipment, electronics, coins, stamps, artwork, gemstones, jewelry, bullion, other collectibles, copyrights, patents, and other intellectual property, held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

| Property Category (e.g., artwork, jewelry) | Name of Owner | Property Location | Acquisition Cost | Current Value |
|---|---|---|---|---|
| _____ | _____ | _____ | $_____ | $_____ |
| _____ | _____ | _____ | $_____ | $_____ |
| _____ | _____ | _____ | $_____ | $_____ |
| _____ | _____ | _____ | $_____ | $_____ |
| _____ | _____ | _____ | $_____ | $_____ |

**Item 21.  Cars, Trucks, Motorcycles, Boats, Airplanes, and Other Vehicles**

List all cars, trucks, motorcycles, boats, airplanes, and other vehicles owned or operated by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

Vehicle Type _____ Make _____ Model _____ Year_____

Registered Owner's Name _____ Registration State & No._____

Address of Vehicle's Location _____

Purchase Price $_____Current Value $_____ Account/Loan No._____

Lender's Name and Address_____

Original Loan Amount $_____ Current Loan Balance $_____ Monthly Payment $_____

Mileage _____ Current condition of car _____ Purchase date _____

Vehicle Type _____ Make _____ Model _____ Year _____

Registered Owner's Name _____ Registration State & No. _____

Address of Vehicle's Location _____

Purchase Price $_____Current Value $_____ Account/Loan No._____

8                                                                                                    Initials _____

Lender's Name and Address_____

Original Loan Amount $_____ Current Loan Balance $_____ Monthly Payment $_____

Mileage _____ Current condition of car _____ Purchase date _____

**Item 22. Real Property**

List all real estate held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

Type of Property_____ Property's Location_____

Name(s) on Title and Ownership Percentages_____

Acquisition Date_____ Purchase Price $_____ Current Value $_____

Basis of Valuation_____ Loan or Account No._____

Lender's Name and Address_____

Current Balance On First Mortgage $_____ Monthly Payment $_____

Other Loan(s) (describe)_____ Current Balance $_____

Monthly Payment $_____ Rental Unit?_____ Monthly Rent Received $_____

Type of Property_____ Property's Location_____

Name(s) on Title and Ownership Percentages_____

Acquisition Date_____ Purchase Price $_____ Current Value $_____

Basis of Valuation_____ Loan or Account No._____

Lender's Name and Address_____

Current Balance On First Mortgage $_____ Monthly Payment $_____

Other Loan(s) (describe)_____ Current Balance $_____

Monthly Payment $_____ Rental Unit?_____ Monthly Rent Received $_____

**Item 23. Credit Cards**

List each credit card held by you, your spouse, or your dependents.  Also list any other credit cards that you, your spouse, or your dependents use.

Name of Credit Card (e.g., Visa,        Account No.        Name(s) on      Current        Minimum

9                                                                           Initials _____

| MasterCard, Department Store) | | Account | Balance | Monthly Payment |
|---|---|---|---|---|
| _____ | _____ | _____ | $_____ | $_____ |
| _____ | _____ | _____ | $_____ | $_____ |
| _____ | _____ | _____ | $_____ | $_____ |
| _____ | _____ | _____ | $_____ | $_____ |
| _____ | _____ | _____ | $_____ | $_____ |
| _____ | _____ | _____ | $_____ | $_____ |

**Item 24**.  **Taxes Payable**

List all taxes, such as income taxes or real estate taxes, owed by you, your spouse, or your dependants.

| Type of Tax | Amount Owed | Year Incurred |
|---|---|---|
| _____ | $_____ | _____ |
| _____ | $_____ | _____ |
| _____ | $_____ | _____ |
| _____ | $_____ | _____ |

**Item 25**.  **Judgments or Settlements Owed**

List all judgments or settlements owed by you, your spouse, or your dependents.

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Nature of Lawsuit_____

Date_____ Amount $_____

**Item 26**.  **Other Loans and Liabilities**

List all other loans or liabilities in your, your spouse's, or your dependents' names.

Name & Address of Lender/Creditor _____

Nature of Liability_____ Name(s) on Liability_____

Date of Liability_____ Amount Borrowed $_____ Current Balance $_____

Initials _____

Payment Amount $_____ Frequency of Payment_____

Name & Address of Lender/Creditor _____

Nature of Liability_____ Name(s) on Liability_____

Date of Liability_____ Amount Borrowed $_____ Current Balance $_____

Payment Amount $_____ Frequency of Payment_____

## OTHER FINANCIAL INFORMATION

### Item 27.  Tax Returns

List all federal tax returns that were filed during the last three years by or on behalf of you, your spouse, or your dependents. Provide a copy of each signed tax return that was filed during the last three years.

| Tax Year | Name(s) on Return | Refund Expected |
|---|---|---|
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |

### Item 28.  Applications for Credit

List all applications for bank loans or other extensions of credit that you, your spouse, or your dependents have submitted within the last two years.  Provide a copy of each application, including all attachments.

| Name(s) on Application | Name & Address of Lender |
|---|---|
| _____ | _____ |
| _____ | _____ |

### Item 29.  Trusts and Escrows

List all funds or other assets that are being held in trust or escrow by any person or entity for you, your spouse, or your dependents. Also list all funds or other assets that are being held in trust or escrow by you, your spouse, or your dependents, for any person or entity.  Provide copies of all executed trust documents.

| Trustee or Escrow Agent's Name & Address | Date Established | Grantor | Beneficiaries | Present Market Value of Assets |
|---|---|---|---|---|
| _____ | _____ | _____ | _____ | $_____ |
| _____ | _____ | _____ | _____ | $_____ |
| _____ | _____ | _____ | _____ | $_____ |

11                                                                                                   Initials _____

_____ _____ _____ _____ $_____

_____ _____ _____ _____ $_____

**Item 30.  Transfers of Assets**

List each person to whom you have transferred, in the aggregate, more than $2,500 in funds or other assets during the previous three years by loan, gift, sale, or other transfer.  For each such person, state the total amount transferred during that period.

| Transferee's Name, Address, & Relationship | Property Transferred | Aggregate Value Date | Transfer | Type of Transfer (e.g., Loan, Gift) |
|---|---|---|---|---|
| _____ | _____ | $_____ | _____ | _____ |
| _____ | _____ | $_____ | _____ | _____ |
| _____ | _____ | $_____ | _____ | _____ |
| _____ | _____ | $_____ | _____ | _____ |
| _____ | _____ | $_____ | _____ | _____ |
| _____ | _____ | $_____ | _____ | _____ |

Initials _____

## SUMMARY FINANCIAL SCHEDULES

**Item 31.  Combined Balance Sheet for You, Your Spouse, and Your Dependents**

| ASSETS | | LIABILITIES | |
|---|---|---|---|
| Cash on Hand (Item 12) | | Credit Cards (Item 23) | |
| Cash in Financial Institutions (Item 12) | | Motor Vehicles - Liens (Item 21) | |
| U.S. Government Securities (Item 13) | | Real Property - Encumbrances (Item 22) | |
| Publicly Traded Securities (Item 14) | | Loans Against Publicly Traded Securities (Item 14) | |
| Other Business Interests (Item 15) | | Taxes Payable (Item 24) | |
| Judgments or Settlements Owed to You (Item 16) | | Judgments or Settlements Owed (Item 25) | |
| Other Amounts Owed to You (Item 17) | | | |
| Surrender Value of Life Insurance (Item 18) | | Other Loans and Liabilities (Item 26) | |
| Deferred Income Arrangements (Item 19) | | | |
| Personal Property (Item 20) | | Other Liabilities (Itemize): | |
| Motor Vehicles (Item 21) | | | |
| Real Property (Item 22) | | | |
| | | | |
| Other Assets (Itemize): | | | |

Initials _____

**Item 32.  Combined Average Monthly Income and Expenses for You, Your Spouse, and Your Dependents for the Last 6 Months**

Provide the average monthly income and expenses for you, your spouse, and your dependents for the last 6 months. Do not include credit card payments separately; rather, include credit card expenditures in the appropriate categories.

| INCOME | | EXPENSES | |
|---|---|---|---|
| Salary - After Taxes | $_____ | Mortgage Payments for Residence(s) | $_____ |
| Fees, Commissions, and Royalties | $_____ | Property Taxes for Residence(s) | $_____ |
| Interest | $_____ | Rental Property Expenses, Including Mortgage Payments, Taxes, and Insurance | $_____ |
| Dividends and Capital Gains | $_____ | Car or Other Vehicle Lease or Loan Payments | $_____ |
| Gross Rental Income | $_____ | Food Expenses | $_____ |
| Profits from Sole Proprietorships | $_____ | Clothing Expenses | $_____ |
| Distributions from Partnerships, S-Corporations, and LLCs | $_____ | Utilities | $_____ |
| Distributions from Trusts and Estates | $_____ | Medical Expenses, Including Insurance | $_____ |
| Distributions from Deferred Income Arrangements | $_____ | Other Insurance Premiums | $_____ |
| Social Security Payments | $_____ | Other Transportation Expenses | $_____ |
| Alimony/Child Support Received | $_____ | Other Household Expenses | $_____ |
| Gambling Income | $_____ | Other Expenses (Itemize) | |
| Other Income (Itemize) | | _____ | $_____ |
| _____ | $_____ | _____ | $_____ |
| _____ | $_____ | _____ | $_____ |
| _____ | $_____ | _____ | $_____ |
| **Total Income** | $ _____ | **Total Expenses** | $_____ |

Initials _____

## **ATTACHMENTS**

**Item 33.**  **Documents Attached to this Financial Statement**

List all documents that are being submitted with this financial statement.

Item No. Document                         Description of Document
Relates To

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____


      I am submitting this financial statement with the understanding that it may affect action by the Federal Trade Commission or a federal court.  I have used my best efforts to obtain the information requested in this statement.  The responses I have provided to the items above are true and contain all the requested facts and information of which I have notice or knowledge. I have provided all requested documents in my custody, possession, or control.  I know of the penalties for false statements under 18 U.S.C. § 1001, 18 U.S.C. § 1621, and 18 U.S.C. § 1623 (five years imprisonment and/or fines). I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on:

_____        _____
 (Date)                             Signature

Initials _____

# Attachment B

CONSUMER FINANCIAL PROTECTION BUREAU
**FINANCIAL STATEMENT OF CORPORATE DEFENDANT**

**Instructions**:

1      Complete all items.   Enter "None" or "N/A" ("Not Applicable") where appropriate.   If you cannot fully answer a question, explain why.

2      In completing this financial statement, "the corporation" refers not only to this corporation but also to each of its predecessors that are not named defendants in this action.

3      When an Item asks for information about assets or liabilities "held by the corporation," include <u>ALL</u> such assets and liabilities, located within the United States or elsewhere, held by the corporation or held by others for the benefit of the corporation.

4      Attach continuation pages as needed. On the financial statement, state next to the Item number that the Item is being continued. On the continuation page(s), identify the Item number being continued.

5      Type or print legibly.

6      An officer of the corporation must sign and date the completed financial statement on the last page and initial each page in the space provided in the lower right corner.

**Penalty for False Information**:

Federal law provides that any person may be imprisoned for not more than five years, fined, or both, if such person in any:

(a) "matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully – (1) falsifies, conceals or covers up by any trick, scheme, or device a material fact; (2) makes any false, fictitious or fraudulent statement or representation; or (3) makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry" (18 U.S.C. § 1001);

(2) "statement under penalty of perjury as permitted under section 1746 of title 28, United States Code, willfully subscribes as true any material matter which he does not believe to be true" (18 U.S.C. § 1621); or

(3) "(...statement under penalty of perjury as permitted under section 1746 of title 28, United States Code) in any proceeding before or ancillary to any court or grand jury of the United States knowingly makes any false material declaration or makes or uses any other information...knowing the same to contain any false material declaration." (18 U.S.C. § 1623)

For a felony conviction under the provisions cited above, federal law provides that the fine may be not more than the greater of (i) $250,000 for an individual or $500,000 for a corporation, or (ii) if the felony results in pecuniary gain to any person or pecuniary loss to any person other than the defendant, the greater of twice the gross gain or loss. 18 U.S.C. § 3571.

## BACKGROUND INFORMATION

**Item 1.   General Information**

Corporation's Full Name _____

Primary Business Address _____ From (Date) _____

Telephone No. _____ Fax No. _____

E-Mail Address_____ Internet Home Page_____

All other current addresses & previous addresses for past five years, including post office boxes and mail drops:

Address_____ From/Until_____

Address_____ From/Until_____

Address_____ From/Until_____

All predecessor companies for past five years:

Name & Address _____ From/Until _____

Name & Address _____ From/Until _____

Name & Address _____ From/Until _____

**Item 2.   Legal Information**

Federal Taxpayer ID No. _____ State & Date of Incorporation _____

State Tax ID No. _____ State _____ Profit or Not For Profit _____

Corporation's Present Status:   Active _____ Inactive _____ Dissolved _____

If dissolved: Date dissolved _____ By Whom _____

Reasons _____

Fiscal Year-End (Mo./Day) _____ Corporation's Business Activities _____

**Item 3.   Registered Agent**

Name of Registered Agent _____

Address _____ Telephone No. _____

2                                                                                    Initials _____

**Item 4.**   **Principal Stockholders**

List all persons and entities that own at least 5% of the corporation's stock.

| Name | Address | % Owned |
|------|---------|---------|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

**Item 5.**   **Board Members**

List all members of the corporation's Board of Directors.

| Name | Address | % Owned | Term (From/Until) |
|------|---------|---------|-------------------|
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |

**Item 6.**   **Officers**

List all of the corporation's officers, including de facto officers (individuals with significant management responsibility whose titles do not reflect the nature of their positions).

| Name | Address | % Owned |
|------|---------|---------|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

**Item 7.**   **Businesses Related to Corporation**

List all corporations, partnerships, and other business entities in which this corporation has an ownership interest.

| Name | Address | Business Activities | % Owned |
|------|---------|---------------------|---------|
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |

State which of these businesses, if any, has ever transacted business with the corporation _____

3                                                                      Initials _____

**Item 8.   Businesses Related to Individuals**

List all corporations, partnerships, and other business entities in which the corporation's principal stockholders, board members, or officers (i.e., the individuals listed in Items 4 - 6 above) have an ownership interest.

| Individual's Name | Business Name | Address | Business Activities | % Owned |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |

State which of these businesses, if any, have ever transacted business with the corporation _____

**Item 9.   Related Individuals**

List all related individuals with whom the corporation has had any business transactions during the three previous fiscal years and current fiscal year-to-date.   A "related individual" is a spouse, sibling, parent, or child of the principal stockholders, board members, and officers (i.e., the individuals listed in Items 4 - 6 above).

| Name | Address | Relationship | Business Activities |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

**Item 10.   Outside Accountants**

List all outside accountants retained by the corporation during the last three years.

| Name | Firm Name | Address | CPA/PA? |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

**Item 11.   Corporation's Recordkeeping**

List all individuals within the corporation with responsibility for keeping the corporation's financial books and records for the last three years.

| Name | Address | Telephone Number | Position(s) Held |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

4                                                                                       Initials _____

**Item 12.**   **Attorneys**

List all attorneys retained by the corporation during the last three years.

Name                              Firm Name                                        Address

_____        _____        _____

_____        _____        _____

_____        _____        _____

**Item 13.**   **Pending Lawsuits Filed By Corporation**

List all pending lawsuits that have been filed by the corporation in court or before an administrative agency.
(List lawsuits that resulted in final judgments or settlements in favor of the corporation in Item 25).

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____   Relief Requested_____   Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____   Relief Requested_____   Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____   Relief Requested_____   Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____   Relief Requested_____   Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

5                                                                                 Initials _____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

**Item 14.   Current Lawsuits Filed Against Corporation**

List all pending lawsuits that have been filed against the corporation in court or before an administrative agency.
(List lawsuits that resulted in final judgments, settlements, or orders in Items 26 - 27).

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

6                                                                    Initials _____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

**Item 15.** **Bankruptcy Information**

List all state insolvency and federal bankruptcy proceedings involving the corporation.

Commencement Date _____ Termination Date _____ Docket No. _____

If State Court: Court & County _____ If Federal Court: District _____

Disposition _____

**Item 16.** **Safe Deposit Boxes**

List all safe deposit boxes, located within the United States or elsewhere, held by the corporation, or held by others for the

benefit of the corporation. On a separate page, describe the contents of each box.

Owner's Name                    Name and Address of Depository Institution      Box No.

_____    _____    _____

_____    _____    _____

_____    _____    _____

**FINANCIAL INFORMATION**

**REMINDER: When an Item asks for information about assets or liabilities "held by the corporation," include ALL such assets and liabilities, located within the United States or elsewhere, held by the corporation or held by others for the benefit of the corporation.**

7                                                                        Initials _____

**Item 17.   Tax Returns**

List all federal and state corporate tax returns filed for the last three complete fiscal years.   Attach copies of all returns.

| Federal/State/Both | Tax Year | Tax Due Federal | Tax Paid Federal | Tax Due State | Tax Paid State | Preparer's Name |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |

**Item 18.   Financial Statements**

List all financial statements that were prepared for the corporation's last three complete fiscal years and for the current fiscal year-to-date.   *Attach copies of all statements, providing audited statements if available.*

| Year | Balance Sheet | Profit and Loss Statement | Cash Flow Statement | Changes in Owner's Equity | Audited? |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |

**Item 19.   Financial Summary**

For each of the last three complete fiscal years and for the current fiscal year-to-date for which the corporation has not provided a profit and loss statement in accordance with Item 18 above, provide the following summary financial information.

| | Current Year-to-Date | 1 Year Ago | 2 Years Ago | 3 Years Ago |
|---|---|---|---|---|
| Gross Revenue | $ | $ | $ | $ |
| Expenses | $ | $ | $ | $ |
| Net Profit After Taxes | $ | $ | $ | $ |
| Payables | $ | | | |
| Receivables | $ | | | |

8                                                                                         Initials _____

**Item 20.   Cash, Bank, and Money Market Accounts**

List cash and all bank and money market accounts, including but not limited to, checking accounts, savings accounts, and certificates of deposit, held by the corporation.   The term "cash" includes currency and uncashed checks.

Cash on Hand $_____ Cash Held for the Corporation's Benefit $_____

| Name & Address of Financial Institution | Signator(s) on Account | Account No. | Current Balance |
|---|---|---|---|
| | | | $ |
| | | | $ |
| | | | $ |

**Item 21.   Government Obligations and Publicly Traded Securities**

List all U.S. Government obligations, including but not limited to, savings bonds, treasury bills, or treasury notes, held by the corporation. Also list all publicly traded securities, including but not limited to, stocks, stock options, registered and bearer bonds, state and municipal bonds, and mutual funds, held by the corporation.

Issuer _____ Type of Security/Obligation _____

No. of Units Owned _____ Current Fair Market Value $_____ Maturity Date _____

Issuer _____ Type of Security/Obligation _____

No. of Units Owned _____ Current Fair Market Value $_____ Maturity Date _____

**Item 22.   Real Estate**

List all real estate, including leaseholds in excess of five years, held by the corporation.

Type of Property_____ Property's Location_____

Name(s) on Title and Ownership Percentages_____

Current Value $_____ Loan or Account No. _____

Lender's Name and Address_____

Current Balance On First Mortgage $_____ Monthly Payment $_____

Other Loan(s) (describe)_____ Current Balance $_____

Monthly Payment $_____ Rental Unit?_____ Monthly Rent Received $_____

Type of Property_____ Property's Location_____

9                                                                                          Initials _____

Name(s) on Title and Ownership Percentages_____

Current Value $_____   Loan or Account No. _____

Lender's Name and Address_____

Current Balance On First Mortgage $_____   Monthly Payment $_____

Other Loan(s) (describe)_____   Current Balance $_____

Monthly Payment $_____   Rental Unit?_____   Monthly Rent Received $_____

## Item 23.   Other Assets

List all other property, by category, with an estimated value of $2,500 or more, held by the corporation, including but not limited to, inventory, machinery, equipment, furniture, vehicles, customer lists, computer software, patents, and other intellectual property.

| Property Category | Property Location | Acquisition Cost | Current Value |
|---|---|---|---|
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |

## Item 24.   Trusts and Escrows

List all persons and other entities holding funds or other assets that are in escrow or in trust for the corporation.

| Trustee or Escrow Agent's Name & Address | Description and Location of Assets | Present Market Value of Assets |
|---|---|---|
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |

10                                                                                    Initials _____

_____   _____ $_____

_____   _____ $_____

_____   _____ $_____

_____   _____ $_____

**Item 25.   Monetary Judgments and Settlements Owed To the Corporation**

List all monetary judgments and settlements, recorded and unrecorded, owed to the corporation.

Opposing Party's Name & Address_____

Court's Name & Address_____ Docket No._____

Nature of Lawsuit_____ Date of Judgment_____ Amount $_____

Opposing Party's Name & Address_____

Court's Name & Address_____ Docket No._____

Nature of Lawsuit_____ Date of Judgment_____ Amount $_____

**Item 26.   Monetary Judgments and Settlements Owed By the Corporation**

List all monetary judgments and settlements, recorded and unrecorded, owed by the corporation.

Opposing Party's Name & Address_____

Court's Name & Address_____ Docket No._____

Nature of Lawsuit_____ Date_____ Amount $_____

Opposing Party's Name & Address_____

Court's Name & Address_____ Docket No._____

Nature of Lawsuit_____ Date of Judgment_____ Amount $_____

Opposing Party's Name & Address_____

Court's Name & Address_____ Docket No._____

Nature of Lawsuit_____ Date of Judgment_____ Amount $_____

Opposing Party's Name & Address_____

Court's Name & Address_____ Docket No._____

Nature of Lawsuit_____ Date of Judgment_____ Amount $_____

11                                                          Initials _____

Opposing Party's Name & Address_____

Court's Name & Address_____ Docket No._____

Nature of Lawsuit_____ Date of Judgment_____ Amount $_____

## Item 27.   Government Orders and Settlements

List all existing orders and settlements between the corporation and any federal or state government entities.

Name of Agency _____ Contact Person _____

Address _____ Telephone No. _____

Agreement Date _____ Nature of Agreement _____

## Item 28.   Credit Cards

List all of the corporation's credit cards and store charge accounts and the individuals authorized to use them.

Name of Credit Card or Store                    Names of Authorized Users and Positions Held

_____          _____

_____          _____

_____          _____

## Item 29.   Compensation of Employees

List all compensation and other benefits received from the corporation by the five most highly compensated employees, independent contractors, and consultants (other than those individuals listed in Items 5 and 6 above), for the two previous fiscal years and current fiscal year-to-date.   "Compensation"  includes, but is not limited to, salaries, commissions, consulting fees, bonuses, dividends, distributions, royalties, pensions, and profit sharing plans.   "Other benefits" include, but are not limited to, loans, loan payments, rent, car payments, and insurance premiums, whether paid directly to the individuals, or paid to others on their behalf.

| Name/Position | Current Fiscal Year-to-Date | 1 Year Ago | 2 Years Ago | Compensation or Type of Benefits |
|---|---|---|---|---|
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |

Initials _____

**Item 30**.   **Compensation of Board Members and Officers**

List all compensation and other benefits received from the corporation by each person listed in Items 5 and 6, for the current fiscal year-to-date and the two previous fiscal years.   "Compensation"   includes, but is not limited to, salaries, commissions, consulting fees, dividends, distributions, royalties, pensions, and profit sharing plans.   "Other benefits" include, but are not limited to, loans, loan payments, rent, car payments, and insurance premiums, whether paid directly to the individuals, or paid to others on their behalf.

| Name/Position | Current Fiscal Year-to-Date | 1 Year Ago | 2 Years Ago | Compensation or Type of Benefits |
|---|---|---|---|---|
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |

**Item 31**.   **Transfers of Assets Including Cash and Property**

List all transfers of assets over $2,500 made by the corporation, other than in the ordinary course of business, during the previous three years, by loan, gift, sale, or other transfer.

| Transferee's Name, Address, & Relationship | Property Transferred | Aggregate Value | Transfer Date | Type of Transfer (e.g., Loan, Gift) |
|---|---|---|---|---|
| _____ | _____ | $_____ | _____ | _____ |
| _____ | _____ | $_____ | _____ | _____ |
| _____ | _____ | $_____ | _____ | _____ |
| _____ | _____ | $_____ | _____ | _____ |
| _____ | _____ | $_____ | _____ | _____ |

**Item 32**.   **Documents Attached to Financial Statement**

List all documents that are being submitted with the financial statement.

| Item No. Document Relates To | Description of Document |
|---|---|
| _____ | _____ |
| _____ | _____ |

13                                                                                         Initials _____

I am submitting this financial statement with the understanding that it may affect action by the Consumer Financial Protection Bureau or a federal court.   I have used my best efforts to obtain the information requested in this statement.   The responses I have provided to the items above are true and contain all the requested facts and information of which I have notice or knowledge. I have provided all requested documents in my custody, possession, or control.   I know of the penalties for false statements under 18 U.S.C. § 1001, 18 U.S.C. § 1621, and 18 U.S.C. § 1623 (five years imprisonment and/or fines). I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on:

_____
(Date)

_____
Signature

_____
Corporate Position

14                                                                                          Initials _____

# Attachment C

## CONSENT TO RELEASE FINANCIAL RECORDS

I, _____, of _____

_____ (City, State), do hereby direct any bank,

saving and loan association, credit union, depository institution, finance company, commercial

lending company, credit card processor, credit card processing entity, automated clearing house,

network transaction processor, bank debit processing entity, brokerage house, escrow agent,

money market or mutual fund, title company, commodity trading company, trustee, or person that

holds, controls, or maintains custody of assets, wherever located, that are owned or controlled by

me or at which there is an account of any kind upon which I am authorized to draw, and its officers,

employees, and agents, to disclose all information and deliver copies of all documents of very

nature in its possession or control which relate to the said accounts to any attorney of the

Consumer Financial Protection Bureau, and to give evidence relevant thereto, in the matter of the

Consumer Financial Protection Bureau v. Moseley, *et al.*, now pending in the United States

District Court for the Western District of Missouri, and this shall be irrevocable authority for so

doing.

      This direction is intended to apply to the laws of countries other than the Unites States of

America which restrict or prohibit disclosure of bank or other financial information without the

consent of the holder of the account, and shall be construed as consent with respect hereto, and the

same shall apply to any of the accounts for which I may be a relevant principal.


Dated:_____  Signature:_____

                                                   Printed Name:_____