UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-23070-Civ-COOKE/TORRES

Consumer Financial Protection Bureau,
    Plaintiff,

v.

ORION PROCESSING, LLC, a Texas limited liability company, d/b/a World Law Processing, Wld Credit Repair, and World Law Debt; FAMILY CAPITAL INVESTMENT & MANAGEMENT LLC, a Delaware limited liability company, a/k/a FCIAM Property Management; WORLD LAW DEBT SERVICES, LLC, a Delaware limited liability company; WORLD LAW PROCESSING, LLC, a Delaware limited liability company; DERIN SCOTT, an individual; DAVID KLEIN, an individual; and BRADLEY JAMES HASKINS, individually and d/b/a World Law Group, LLP, World Law Group America, LLP, WLD Price Global, Inc., World Law Forms and Mediation, and World Law South;
    Defendants,

Shannon Scott, an individual,

    Relief Defendant.

**PLAINTIFF'S REPLY IN SUPPORT OF ITS
MOTION TO DISMISS THE COUNTERCLAIM**

# **TABLE OF CONTENTS**

INTRODUCTION ............................................................................................................................. 1

ARGUMENT ................................................................................................................................... 1

    I.   The Counterclaiming Defendants Cannot Invoke APA Review ............................... 1

   II.  The Counterclaim Fails to Set Forth Any Viable Claim for a Violation of the
Bankruptcy Code .......................................................................................................... 3

       A.  The Counterclaiming Defendants Have Not Pled a Claim Directly Under the
Bankruptcy Code ................................................................................................... 3

       B.  The Counterclaiming Defendants Lack Standing to Bring a Claim Under the
Bankruptcy Code ................................................................................................... 5

       C.  The Counterclaim Fails to State a Claim for Any Violation of the Bankruptcy
Code ....................................................................................................................... 6

CONCLUSION ................................................................................................................................ 8

## INTRODUCTION

In their opposition to the Bureau's motion to dismiss, the Counterclaiming Defendants make no serious attempt to address the multiple flaws in their Administrative Procedure Act (APA) claim. Specifically, they entirely fail to address the requirement of the APA that limits that cause of action to review of "final agency action for which there is no other adequate remedy in a court." 5 U.S.C. § 704. Nor have they rebutted the Bureau's argument that its decision to bring this action and seek injunctive relief is "committed to agency discretion by law," and therefore not subject to APA review. 5 U.S.C. § 701.

Instead, in apparent recognition that their APA claim fails, the Counterclaiming Defendants argue that they are seeking to bring standalone claims for violations of the Bankruptcy Code. But this attempt to mischaracterize the Counterclaim also fails because the Counterclaim does not, in fact, plead such claims, and the Counterclaiming Defendants are not entitled to maintain any such claims. In any event, if the Court reaches the issue, it can and should determine as a matter of law on the existing record that the Bureau has not violated the automatic stay because it brought this action pursuant to its "police and regulatory power." 11 U.S.C. § 362(b)(4). For all these reasons, and the reasons discussed in the Bureau's Motion, the Counterclaim should be dismissed.

## ARGUMENT

### I. The Counterclaiming Defendants Cannot Invoke APA Review

As the Bureau explained in its Motion to Dismiss, the Court lacks subject matter jurisdiction over the Counterclaim because it fails to identify "final agency action for which there is no other adequate remedy in a court." 5 U.S.C. § 704. The Bureau's decision to bring this enforcement action is not "final agency action" because it is not "agency action," as that term is defined by the APA, 5 U.S.C. § 551(13), and it is certainly not "final agency action" because it does not determine "rights and obligations" or cause "legal consequences [to] flow." *Nat'l Parks Conservation Ass'n v. Norton*, 324 F.3d 1229, 1236 (11th Cir. 2003) (citing *Bennett v. Spear*, 520 U.S. 154, 177-78 (1997)). Rather, "those determinations . . . will flow from the Court's . . . decisions, not a decision by the [Bureau]." *City of Oakland v. Holder*, 901 F. Supp. 2d 1188, 1195 (N.D. Cal. 2013). The Bureau further argued that the Counterclaiming Defendants have an "adequate remedy in a court"—*this* Court. For example, the Counterclaiming Defendants may ask this Court to modify the preliminary

injunction, and indeed have done so on several occasions. *See* ECF 36, 48, 54. The APA does not provide a remedy to the Counterclaiming Defendants because no such remedy is needed.

In their opposition brief, the Counterclaiming Defendants do not argue that they have identified "final agency action" or otherwise substantively respond to the Bureau's arguments on that issue. Instead, they argue only that they have alleged standalone violations of the Bankruptcy Code, and that those violations provide them with a cause of action separate and apart from any violation of the APA. This is fatal to their APA claim because it is well-established that arguments not responded to are deemed abandoned. *See, e.g., Hudson v. Norfolk S. Ry. Co.*, 209 F. Supp. 2d 1301, 1324 (N.D. Ga. 2001) (citing *Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995)). And because identifying "final agency action" is a jurisdictional requirement to pleading an APA claim, *see Nat'l Parks Conservation Ass'n*, 324 F.3d at 1240, the claim should be dismissed pursuant to Rule 12(b)(1).

Even if the Counterclaiming Defendants had not failed to address the requirement of "final agency action" (let alone demonstrate that the Bureau's decision to file a lawsuit satisfies that requirement), their APA claim would still fail because it challenges a decision committed to the Bureau's discretion by law.[1] As the Bureau explained in its Motion, the Consumer Financial Protection Act (CFPA) vests the Bureau with the discretion to determine whether to bring an enforcement action, and the Court lacks jurisdiction under the APA to review that decision. *See* 12 U.S.C. § 5564(a) ("the Bureau may . . . commence a civil action" against a person who violates a Federal consumer financial law); 5 U.S.C. § 701(a)(2) (judicial review unavailable for agency action "committed to agency discretion by law"); *accord* Counterclaim ¶ 1 (stating that the Bureau "is empowered to decide to bring

---

[1] The Counterclaiming Defendants confuse the Bureau's argument on this point, and claim that the Bureau argued that "Congress intended to cut off judicial review" of the Bureau's "actions," precluding review under 5 U.S.C. § 701(a)(1). Opp. at 7-10. But the Bureau made no such argument. Rather, the Bureau argued that because the broad language of the CFPA commits to the Bureau's discretion the decision to bring enforcement actions for violations of Federal consumer financial law, the Court would have "no law to apply" to review such a decision, and APA review is therefore not available. *Conservancy of S.W. Fla. v. U.S. Fish & Wildlife Serv.*, 677 F.3d 1073, 1078 (11th Cir. 2012). This argument is made under section 701(a)(2) of the APA, not 701(a)(1).

and continue litigation under 12 U.S.C. § 5564 to enforce Federal consumer financial laws").

The Counterclaiming Defendants attempt to distinguish the case law cited by the Bureau and argue that the Bureau's decision to affirmatively act—specifically, its decision to bring this enforcement action and to seek injunctive relief—is reviewable under the APA. But the Counterclaiming Defendants cite no law in support of this proposition. Indeed, "it has never been held that the hand of the government must be stayed until the courts have an opportunity to determine whether the government is justified in instituting suit in the courts." *Ewing v. Mytinger & Casselberry*, 339 U.S. 594, 599 (1950). "[C]ourts [are] properly hesitant to examine the decision whether to prosecute" because "the decision to prosecute is particularly ill-suited to judicial review" and "not readily susceptible to the kind of analysis the courts are competent to undertake." *Wayte v. United States*, 470 U.S. 598, 607-08 (1985). This is not to say that the Court cannot consider the *merits* of the claims that the Bureau has raised against World Law at the appropriate stage of this litigation. Of course it can (and already has). *See* ECF 28 ¶ 2 (finding that the Bureau is likely to prevail on the merits of its case); ECF 42 ¶ 2 (same). But the Bureau's *decisions* to bring the case and to seek injunctive relief are matters committed to agency discretion by law and are beyond the scope of APA review.

## II. The Counterclaim Fails to Set Forth Any Viable Claim for a Violation of the Bankruptcy Code

Changing course, the Counterclaiming Defendants argue that they have alleged standalone violations of the Bankruptcy Code. As discussed below, however, the Counterclaim does not plead any standalone violations of the Bankruptcy Code, the Counterclaiming Defendants lack standing to raise a claim for a violation of the automatic stay, and the Counterclaim fails to state a claim because the Bureau has not violated the automatic stay.

### A. The Counterclaiming Defendants Have Not Pled a Claim Directly Under the Bankruptcy Code

As an initial matter, the Counterclaiming Defendants are mischaracterizing what they have actually pled. The Counterclaiming Defendants argue that the Counterclaim "repeatedly identifies multiple provisions of the U.S. Bankruptcy Code as the primary basis

3

for the Counterclaim," Opp. at 11, but the Counterclaim in fact fails to invoke *any* specific statutory cause of action under the Code. The Counterclaim makes, at best, only passing references to Sections 362 and 541 of the Code, but neither provision provides the Counterclaiming Defendants with a cause of action. Section 541 contains only a general description of the types of property protected by the automatic stay and does not provide a separate cause of action. *See* 11 U.S.C. § 541. Section 362, on the other hand, broadly governs the terms of the automatic stay. 11 U.S.C. § 362. The Counterclaim's general, passing reference to this provision does not even invoke subsection (k), which provides a limited cause of action to "an individual injured by any willful violation of a stay." 11 U.S.C. § 362(k). Far from pleading a viable claim under this subsection, neither the Counterclaim nor the Opposition even cite to it.[2] Accordingly, the Counterclaiming Defendants fail to meet their burden of pleading a claim under the Bankruptcy Code, and the Counterclaim should be dismissed for that reason alone. *See* Fed. R. Civ. P. 8(a)(2); *Franklin v. Anderson Media*, No. 8:10-cv-2935, 2011 WL 3875519, *4 (M.D. Fla. Aug. 31, 2011) (dismissing complaint that "fail[ed] to provide any legal theory of recovery"); *see also Resolution Trust Corp.*, 43 F.3d at 599 ("There is no burden upon [the] [C]ourt to distill every potential argument that could be made based upon the materials before it. . . . Rather, the onus is upon the parties to formulate arguments[.]").[3]

---

[2] Even if the Opposition had cited Section 362(k) or any other specific statutory cause of action, the Counterclaiming Defendants would not be permitted to "amend [their] complaint through argument made in [their] brief in opposition to the [Bureau's] motion." *Miccosukee Tribe of Indians of Fla. v. United States*, 716 F.3d 535, 559 (11th Cir. 2003).

[3] The Court should likewise reject the Counterclaiming Defendants' passing request for leave to amend. *See* Opp. at 6. As an initial matter, this request does not comply with the Court's Local Rule 15.1, which requires that a motion for leave to amend be accompanied by a copy of the entire proposed amended pleading. Moreover, leave to amend should be denied here because it would be futile. *See Patel v. Ga. Dep't BHDD*, 485 Fed. App'x 982, 983 (11th Cir. 2012). The Counterclaiming Defendants claim that they would "assert additional relevant facts" in an amended pleading. Opp. at 6. But, as discussed herein, the Counterclaim fails as a matter of law because the automatic stay does not apply to this enforcement action. That legal issue does not turn on any facts, but instead, on the Bureau's statutory enforcement authority. Accordingly, leave to amend should be denied.

### B. The Counterclaiming Defendants Lack Standing to Bring a Claim Under the Bankruptcy Code

Even if this Court were to take a charitable view of the Counterclaim and construe it as having alleged a cause of action for a violation of the automatic stay under Section 362(k), the Counterclaiming Defendants could not establish statutory standing under that provision. "[A] statutory cause of action extends only to those plaintiffs whose interests fall within the zone of interests protected by the law invoked." *City of Miami v. Bank of Am. Corp.*, 800 F.3d 1262, 1274 (citing *Lexmark Int'l v. Static Control Components, Inc.*, ___ U.S. ___, 134 S. Ct. 1377 (2014)) (internal quotation marks omitted). To establish that the Counterclaiming Defendants fall within the "zone of interests" protected by Section 362(k), the Counterclaiming Defendants must plead that they are "individuals" within the scope of Section 362(k), that there is a "violation of a stay," and that they were "injured" by that violation. *See* 11 U.S.C. § 362(k); *Lexmark*, __ U.S. at ___, 134 S. Ct. at 1386; *see also In re Yelverton*, No. 09-414, 2014 WL 7141938, *4 (Bankr. D.D.C. Dec. 12, 2014). As discussed in the Bureau's Motion, because the automatic stay protects, at most, the creditors and debtors of an estate, Derin Scott, David Klein, and Shannon Scott are not "individuals" within the scope of Section 362(k). Mot. at 12; *see In re Emergency Rm. Mobile Servs., L.L.C.*, 529 B.R. 676, 687 (N.D. Tex. 2015) (plaintiff lacked statutory standing to bring § 362(k) claim where he did not allege an injury to his interests as a creditor). Indeed, the Counterclaiming Defendants go to great lengths to explain that they seek to recover their *personal* property that has been inadvertently intermingled with the bankruptcy estate, or that they are "owners" of Orion, not that they are creditors of Orion's estate. Moreover, the Counterclaim does not plead a "violation of a stay" because the Bureau's enforcement authority is not stayed by Orion's bankruptcy, as discussed in Section II.C, *infra*. Accordingly, even if the Court construes the Counterclaim as attempting to raise a claim under Section 362(k), the claim must be dismissed for lack of statutory standing. *See In re Emergency Rm. Mobile Servs., L.L.C.*, 529 B.R. at 687 (affirming bankruptcy court's dismissal of § 362(k) claim on statutory standing grounds); *In re Yelverton*, No. 09-414, 2014 WL 7141938, at *4 (dismissing § 362(k) claim for lack of statutory standing).

### C. The Counterclaim Fails to State a Claim for Any Violation of the Bankruptcy Code

In any event, even if the Counterclaim is not dismissed for the reasons discussed above, it should be dismissed for failure to state a claim because the Bureau did not violate the automatic stay. As the Bureau explained in its Motion, the Bureau's decision to bring this enforcement action falls within the Bankruptcy Code's "police and regulatory" exception, 11 U.S.C. § 362(b)(4), because the Bureau brought this action pursuant to its police power under the CFPA, Compl. ¶¶ 4, 7. *See* Pub. L. No. 111-23, 124 Stat. 1376, 1376 (2010) (the CFPA was enacted to, among other things, "protect consumers from abusive financial services practices").

The Counterclaiming Defendants nowhere disagree that this enforcement action falls within the police and regulatory exception. Instead, they argue that the Bureau is seeking to have the Court consider issues of fact at the motion to dismiss stage, and that the Court is required to accept as true their allegations that the Bureau violated the automatic stay. Opp. at 6. But "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Randall v. Scott*, 610 F.3d 701, 708 (11th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Here, the fundamental premise of the Counterclaim is the legal conclusion that the automatic stay applies to the Bureau's enforcement action against World Law Group. If the automatic stay does not apply, the allegations that the Bureau violated the stay must be dismissed.

This Court need not look beyond the existing record to determine whether the police and regulatory exception applies to this case. *Brock v. Rusco Indus., Inc.*, 842 F.2d 270, 273 (11th Cir. 1988) (reversing district court's determination that automatic stay applied and determining on the pleadings that the Secretary of Labor brought Fair Labor Standards Act claim pursuant to its police and regulatory power); *Solis v. SCA Rest. Corp.*, 463 B.R. 248, 257 (E.D.N.Y. 2011) (determining on the pleadings that the Department of Labor brought Fair Labor Standards Act claim pursuant to its police and regulatory power); *United States v. LTV Steel Co.*, 269 B.R. 576, 583-84 (W.D. Pa. 2001) (determining on the pleadings that the United States brought Clean Air Act claim pursuant to its police and regulatory power); *United States v. Nicolet, Inc.*, 81 B.R. 310, 311-312 (E.D. Pa. 1988), aff'd 857 F.2d 202 (3d Cir. 1988) (determining on the pleadings that the United States brought Comprehensive

Environmental Response, Compensation, and Liability Act claim pursuant to its police and regulatory power). Here, the Complaint demonstrates that this action was brought pursuant to the Bureau's police and regulatory power under the CFPA. Compl. ¶¶ 4, 7 (asserting jurisdiction pursuant to the CFPA to enforce "Federal consumer financial law"). Indeed, even the Counterclaim concedes that the Bureau "is empowered to decide to bring and continue litigation under 12 U.S.C. § 5564 to enforce Federal consumer financial laws." Counterclaim ¶ 1. Accordingly, this Court is not required to accept as true the Counterclaim's legal conclusions that the automatic stay was in effect and that the Bureau violated it. *See Randall*, 610 F.3d at 708.

The Counterclaiming Defendants also attempt to parse the specific types of preliminary injunctive relief obtained by the Bureau, arguing that the Bureau's *physical* possession of certain property somehow violates the automatic stay. But the case law cited by the Counterclaiming Defendants does not support their position and instead supports the Bureau's. In *SEC v. Brennan*, the court held that the SEC's repatriation of certain assets from abroad to enforce an existing money judgment violated the automatic stay. 230 F.3d 65, 73 (2d Cir. 2000). The case concerned the "exception within the exception" of 362(b)(4), which limits the government's authority to *enforce* a money judgment owed to the government *after* that judgment has been entered. Here, the Bureau has not yet obtained a judgment and is, therefore, not seeking to enforce one. In that respect, this case is far more similar to *SEC v. Wyly*, the other case cited by the Counterclaiming Defendants. 73 F. Supp. 3d 315, 319-20 (S.D.N.Y. 2014). In *Wyly*, a judgment had not yet been entered and the defendant challenged the SEC's freeze of its assets as improperly "seeking to control property of the bankruptcy estate." *Id*. The court rejected that argument, holding that the police and regulatory exception applied because the SEC was preserving assets in anticipation of a judgment and, unlike *Brennan*, was not seeking to "vindicate its own interest in collecting a judgment." *Id*. As the court explained, "[p]reserving assets in anticipation of a judgment is not equivalent to *controlling* those assets in an effort to enforce a judgment already entered." *Id*. Here, as in *Wyly*, the Bureau is preserving physical and monetary assets to maintain the status quo in anticipation of a judgment and to preserve the possibility of relief for consumers. The Bureau is not seeking to enforce an existing

7

judgment owed to the Bureau and, therefore, the "exception within the exception" in Section 362(b)(4) has no bearing on the issues presented in this Motion.

For the reasons discussed above and in the Bureau's Motion, the "police and regulatory exception" to the automatic stay applies to this enforcement action. Accordingly, the Counterclaim's allegations that the Bureau "violated the automatic stay" fail as a matter of law and should be dismissed.

## CONCLUSION

For the foregoing reasons, the Court should dismiss the Counterclaim.

Dated: January 15, 2016

Respectfully submitted,

/s/ Jessica Rank Divine

CARA PETERSEN
Deputy Enforcement Director for Litigation

JAMES T. SUGARMAN
Assistant Litigation Deputy for Litigation

LAURA SCHNEIDER, NY Bar # 2715449
S.D. Fla. Bar # 77828
(202) 435-7311
laura.schneider@cfpb.gov

WHITNEY CASE, DC Bar # 501296
S.D. Fla. Special Bar # A5502103
(202) 435-7371
whitney.case@cfpb.gov

STEPHEN VAN METER
Acting General Counsel

TO-QUYEN TRUONG
Deputy General Counsel

JOHN R. COLEMAN
Assistant General Counsel

JESSICA RANK DIVINE
NY Bar # 4544573
S.D. Fla. Special Bar # A5502145
(202) 435-7863
jessica.divine@cfpb.gov

1700 G Street, NW
Washington, DC 20052

*Attorneys for Plaintiff*
*Consumer Financial Protection Bureau*

## CERTIFICATE OF SERVICE

      I hereby certify that on January 15, 2016, I filed the foregoing document (Plaintiff's Motion to Dismiss the Counterclaim) with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served on this day on all counsel who have identified themselves to Plaintiff or who have entered an appearance in this matter, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Filing.

For Defendants David Klein, Derin Scott, and Relief Defendant Shannon Scott:

Jeffrey Cohen
Fox Rothschild, LLP
1225 17th Street, Suite 2200
Denver, CO 80202
(303) 292-1200
jcohen@foxrothschild.com

Joseph A. DeMaria
Fox Rothschild, LLP
2 S. Biscayne Blvd., Suite 2750
Miami, FL 33131
(305) 442-6547
jdemaria@foxrothschild.com

David A. Greene, Esq.
Fox Rothschild LLP, 222
Lakeview Avenue, Suite 700
West Palm Beach, FL 33401
(561) 804-4441
dgreene@foxrothschild.com

Eric A. Bevan, Esq.
Fox Rothschild LLP,
Esperante Building, 222 Lakeview Avenue, Suite 700
West Palm Beach, FL 33401
(561) 835-9600
ebevan@foxrothschild.com

For Receiver Robb Evans & Associates LLC

Gary Owen Caris
Dentons US LLP
300 South Grand Avenue, 14th Floor
Los Angeles, CA 90071
(213) 688-1000
Gary.caris@dentons.com

Lesley Anne Hawes
Dentons US LLP
300 South Grand Avenue, 14th Floor
Los Angeles, CA 90071
Lesley.hawes@dentons.com

Monica L. Irel
Dentons US LLP
10700 N. Kendall Drive, Suite 303
Miami, FL 33176-1469
(305) 670-4843
Monica.irel@dentons.com

Via United Parcel Service (UPS) and electronic mail:

<u>For US Trustee for Orion Processing, LLC</u>
Steve Turner
Managing Partner - Bankruptcy
Barrett Daffin Frappier Turner & Engel, LLP
610 West 5th Street, Suite 602
Austin, TX 78701
Phone: (512) 687-2501
SteveT@bdfgroup.com

Mark Taylor
Taube Summers Harrison Taylor Meinzer Brown LLP
100 Congress Avenue, 18th Floor
Austin, TX 78701
mtaylor@taubesummers.com

Respectfully submitted,

/s/  Jessica Rank Divine

JESSICA RANK DIVINE
NY Bar # 4544573
S.D. Fla. Special Bar # A5502145
Consumer Financial Protection Bureau
1700 G Street, NW
Washington, DC 20552
(202) 435-7863 (telephone)
jessica.divine@cfpb.gov
*Attorney for Plaintiff*
*Consumer Financial Protection Bureau*

10