UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-23070-Civ-COOKE/TORRES

CONSUMER FINANCIAL PROTECTION
BUREAU,

   Plaintiff/Counter-Defendant,

v.

ORION PROCESSING, LLC, a Texas
limited liability company d/b/a World
Law Processing, Wld Credit Repair, and
World Law Debt; FAMILY CAPITAL
INVESTMENT & MANAGEMENT, LLC,
a Delaware limited liability company a/k/a
FCIAM Property Management, WORLD
LAW DEBT SERVICES, LLC, a Delaware
limited liability company; DERIN SCOTT,
an individual; DAVID KLEIN, an individual;
and BRADLEY JAMES HASKINS,
individually and d/b/a World Law Group,
LLP, World Law Group America, LLP, WLD
Price Global, Inc., World Law Forms And
Mediation, and World Law South,

   Defendants.

**<u>ORDER ON MOTION TO QUASH</u>**

  This matter is before the Court on non-party Fox Rothschild LLP ("Fox Rothschild")'s Motion to Quash Subpoena by Plaintiff or, Alternatively for Protective Order ("Motion") [D.E. 52]. The Motion asks that the Court quash a subpoena Plaintiff issued to Fox Rothschild [*id.* at p. 2] requesting "[a]ll [d]ocuments relating to any legal fees paid to [Fox Rothschild] by, on behalf of, or for the benefit of any Defendant since August 17, 2015 for legal representation or legal work on the above-captioned case

*CFPB v. Orion, et al.*," and "[a]ll [d]ocuments relating to the nature, location, status, and extent of the [a]ssets of Bradley Haskins, including but not limited to correspondence with or about Bradley Haskins and/or [d]ocuments relating to Bradley Haskins' contact information such as address, telephone number and email address" [*id.* at pp. 10–11]. In the alternative, Fox Rothschild asks the Court to issue a protective order regarding the same. [*Id.* at p. 2]. Plaintiff filed its Response [D.E. 58] and Fox Rothschild filed its Reply [D.E. 73]. The matter is thus ripe for disposition. The Court hereby **GRANTS** Fox Rothschild's Motion as follows:

1.      Fox Rothschild moves, pursuant to Fed. R. Civ. P. 45, to quash the subpoena issued by Plaintiff in connection with this action alleging that Defendants jointly operate debt-relief businesses in violation of the Consumer Financial Protection Act of 2010, 12 U.S.C. §§ 5531(a), 5536(a), 5564(a), and 5581; the Telemarketing and Consumer Fraud and Abuse Prevention Act, 15 U.S.C. §§ 6102(c)(2), 5105(d); and the Telemarketing Sales Rule, 16 C.F.R. pt. 310. Fox Rothschild, a nonparty law firm representing various Defendants in this suit, argues that the requested documents noted above are variably protected by attorney-client privilege, attorney-work product doctrine, and Fox Rothschild's duty of confidentiality to its clients. [*See* D.E. 52 at p. 2]. Fox Rothschild further argues that Plaintiff's requests are impermissibly overboard in scope. [*See* D.E. 73 at p .4].

2.      Plaintiff contends that its requests are authorized by two preliminary injunctions currently in place in this matter, the first of which is directed against Defendants Orion Processing, LLC, Bradley James Haskins, World Law Debt Services,

LLC, and World Law Processing, LLC ("First Preliminary Injunction"); and the second, against Defendants Derin Scott, David Klein, Family Capital Investment & Management LLC, and Relief Defendant Shannon Scott ("Second Preliminary Injunction"). In relevant part, the preliminary injunctions authorize limited expedited discovery, granting Plaintiff leave to:

> [S]erve subpoenas upon non-parties that direct production or inspection within five calendar days of service, for the purpose of discovering: (1) the nature, location, status and extent of assets of . . . Defendants or their affiliates or subsidiaries; (2) the nature and location of [d]ocuments and business records of . . . Defendants or their affiliates or subsidiaries; and (3) compliance with this Order . . . .

[D.E. 28 at p. 32; D.E. 42 at p. 32]. Plaintiff contends that its requests are consistent with the Court's preliminary injunctions because they "seek[] documents revealing the source and amount of legal fees paid to Fox [Rothschild] for this matter, and . . . asset information regarding defendant Bradley Haskins," because Plaintiff "has reason to believe Haskins may be paying Defendants' legal fees," and because the "[i]nformation responsive to [Plaintiff]'s request will help [Plaintiff] locate Haskins, serve him with the complaint, and serve him with discovery concerning his assets, as authorized by the Court." [D.E. 58 at p. 2]. Plaintiff further argues that the information is protected by neither the attorney-client privilege nor the work-product doctrine because Fox Rothschild does not represent Defendant Haskins. [*Id.*].

3. As a preliminary matter, the Court notes its broad discretion in managing pretrial discovery matters. *See, e.g.*, *Bradley v. King*, 556 F.3d 1225, 1229 (11th Cir. 2009); *Perez v. Miami-Dade Cty.*, 297 F.3d 1255, 1263 (11th Cir. 2002); *Johnson v. Bd.*

3

*of Regents of Univ. Of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001); *United States v. McCutcheon*, 86 F.3d 187, 190 (11th Cir. 1996). Further, "the Court must limit the frequency or extent of discovery otherwise allowed by the[ federal] rules or by local rule if it determines that . . . the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." FED. R. CIV. P. 26(b)(2)(C)(I). Additionally, Fed. R. Civ. P. 45 requires that the Court "must quash or modify a subpoena" that "requires disclosure of privileged or other protected matter, if no exception or waiver applies" or "subjects a person to undue burden." FED. R. CIV. P. 45(d)(3)(A)(iii)-(iv). In determining the propriety of a subpoena, the Court may "balance the interests served by complying with the subpoena against the interests served by quashing it," which requires a court to "consider . . . whether the information is necessary and unavailable from any other source." *In re Duque*, 134 B.R. 679, 683 (S.D. Fla. 1991).

4. Keeping in mind Plaintiff's asserted need for the documents sought—to locate Defendant Haskins, discover his assets, and determine whether he has a hand in paying his codefendants' legal fees—the Court finds that the blatant danger Fox Rothschild faces in betraying its clients' confidence, disclosing materials at the heart of its litigation file, and/or disclosing its trial strategy in this matter outweighs any interest Plaintiff has in serving this subpoena against its opponents' law firm. More importantly, keeping in mind the limits employed by Fed. R. Civ. P. 26(b), the Court finds that Plaintiff has at its disposal a number of more convenient and less burdensome alternate means of obtaining the same information, the most obvious of

which would be to simply serve the same requests against Defendants themselves in standard party discovery. For these reasons, Fox Rothschild's Motion [D.E. 52] is hereby **GRANTED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 18th day of February, 2016.

*/s/ Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge