## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 15-23070-Civ-COOKE/TORRES

CONSUMER FINANCIAL PROTECTION
BUREAU,

        Plaintiff,

v.

ORION PROCESSING, LLC, a Texas limited
liability company, d/b/a World Law Processing,
Wld Credit Repair, and World Law Debt; FAMILY
CAPITAL INVESTMENT & MANAGEMENT
LLC, a Delaware limited liability company, a/k/a
FCIAM Property Management; WORLD LAW
DEBT SERVICES, LLC, a Delaware limited
liability company; WORLD LAW PROCESSING,
LLC, a Delaware limited liability company; DERIN
SCOTT, an individual; DAVID KLEIN, an
individual; and BRADLEY JAMES HASKINS,
individually and d/b/a World Law Group, LLP,
World Law Group America, LLP, WLD Price
Global, Inc., World Law Forms and Mediation, and
World Law South;

        Defendants,

SHANNON SCOTT, an individual,

        Relief Defendant.

## MOTION FOR ORDER APPROVING AND AUTHORIZING PAYMENT OF FEES AND EXPENSES OF THE RECEIVER AND ITS PROFESSIONALS FROM JANUARY 1, 2017 THROUGH JULY 31, 2017; MEMORANDUM OF LAW IN SUPPORT THEREOF

Robb Evans & Associates LLC as Receiver ("Receiver") over Family Capital Investment

& Management, LLC, and its successors, assigns, affiliates, or subsidiaries, and each of them, by

whatever names each might be known, provided that the Receiver has reason to believe they are

1

owned or controlled in whole or in part by any of the Defendants, and World Law Debt Services, LLC and World Law Processing, LLC, and their successors, assigns, affiliates, or subsidiaries, and each of them, by whatever names each might be known, provided that the Receiver has reason to believe they are owned or controlled in whole or in part by any of the Defendants, hereby moves the Court for an order approving and authorizing payment of the fees and expenses of the Receiver and its professionals for the seven-month period from January 1, 2017 through July 31, 2017 ("Expense Period"). The Receiver specifically moves the Court for an order approving and authorizing payment of receivership fees and expenses incurred for the Expense Period comprised of the fees of the Receiver, the Receiver's members, agents, staff and professionals, and reimbursement of costs. The fees of the Receiver, its members, agents and staff total $72,928.70 and the Receiver's expenses total $1,642.10 during the Expense Period. The Receiver's legal fees and expenses total $126,979.63 during the Expense Period, including fees of $106,246.84 and expenses of $515.00 incurred for the services of the Receiver's lead counsel Diamond McCarthy LLP ("Diamond McCarthy") and fees of $17,014.95 and costs of $3,202.84 for the services of the Receiver's local counsel in Florida, Carlton Fields.

This Motion is made pursuant to Local Civil Rule 7.1, Section XVII of the Preliminary Injunction with Asset Freeze, Appointment of Receiver, Expedited Discovery, and Other Equitable Relief as to Defendants Orion Processing, LLC, Bradley James Haskins, World Law Debt Services, LLC and World Law Processing, LLC entered September 2, 2015 (Doc. No. 28) ("World Law Preliminary Injunction"), Section XVII of the Preliminary Injunction with Asset Freeze, Appointment of Receiver, Expedited Discovery, and Other Equitable Relief for Defendants Derin Scott, David Klein, Family Capital Investment & Management LLC, and Relief Defendant Shannon Scott (Doc. No. 42) ("FCIAM Preliminary Injunction") and Section

VII, paragraph 71, of the Default Judgment and Order Against World Law Debt Services, LLC, World Law Processing, LLC, and Family Capital Investment & Management LLC (Doc. No. 104) ("World Law Judgment").  The Motion is based upon this motion, on the separate notice of filing of this motion served concurrently herewith, on the accompanying memorandum of law, on the Declarations of Brick Kane and Gary Owen Caris in support hereof filed concurrently herewith, on the pleadings, records and files of the Court in this action of which the Receiver requests the Court take judicial notice under Federal Rule of Evidence 201, including without limitation the Report of Receiver's Activities for the Period from September 1, 2015 Through September 4, 2015 (Doc. No. 30) ("First Report") and the Report of Receiver's Financial Analysis September 4, 2015 Through November 30, 2015 (Doc. No. 57) ("Second Report"), and upon such other pleadings and documentary evidence and argument of counsel as may hereafter be presented to the Court by the Receiver in support of the motion.

WHEREFORE, the undersigned moves this Court to enter an Order granting relief as requested herein.

112976242.1

## CERTIFICATION OF COUNSEL UNDER LOCAL RULE 7.1(a)(3)

Counsel for the Receiver hereby certifies that prior to filing this motion, counsel for the Receiver communicated with counsel for the plaintiff Consumer Financial Protection Bureau ("Bureau"), with Defendants Derin Scott and David Klein, and Relief Defendant Shannon Scott, and with counsel for the Chapter 7 Trustee of the Orion Processing, LLC bankruptcy estate ("Trustee"), in writing commencing on September 20, 2017 in a good faith effort to address the issues raised in this motion. The relief sought by the Receiver cannot be resolved by the parties as the Court is required to rule on the Receiver's motion for approval of fees and expenses for itself and its attorneys. The Chapter 7 Trustee of the Orion Processing, LLC bankruptcy estate stipulated to judgment in favor of the Bureau on behalf of that defendant. Defendants Derin Scott and David Klein and Relief Defendant Shannon Scott have also stipulated to judgment in favor of the Bureau. Defendants World Law Debt Services, LLC, World Law Processing, LLC, and Family Capital Investment & Management LLC have had a default judgment entered against them. Defendant Bradley Haskins has also had a default judgment entered against him. The Receiver requested that the parties who have appeared provide the Receiver's counsel with their position on the motion by 10:00 a.m. Pacific Time on September 22, 2017. The

112976242.1

Bureau had no objection to the relief sought in the motion.  The Trustee and the other defendants have not responded to counsel's request for their position as of the date of filing of the motion.

Dated: September 27, 2017                Respectfully submitted,

By: */s/ Michael E. Strauch*
       Merrick L. Gross
       Florida Bar No. 716677
       Michael E. Strauch
       Florida Bar No. 13988
       **CARLTON FIELDS**
       Miami Tower
       100 S.E. 2nd Street, Suite 4200
       Miami, Florida 33131
       Tel: (305) 530 – 0050
       Fax: (305) 530 – 0055
       E-mail:  mgross@carltonfields.com
                powers@carltonfields.com
                mstrauch@carltonfields.com
                iabay@carltonfields.com

       *Local Counsel for Plaintiff*

By: */s/ Gary Owen Caris*
       Gary Owen Caris
       Appearing *Pro Hac Vice*
       California Bar No. 088918
       Lesley Anne Hawes
       Appearing *Pro Hac Vice*
       California Bar No. 117101
       **DIAMOND MCCARTHY LLP**
       1999 Avenue of the Stars, Suite 1100
       Los Angeles, CA 90067
       Tel: (310) 651-2997
       Fax: (424) 253-1101
       E-mail: gcaris@diamondmccarthy.com
              lhawes@diamondmccarthy.com

       *Lead Counsel for Plaintiff*

**MEMORANDUM OF LAW**

I.  **INTRODUCTION**

This action is a civil enforcement action filed by plaintiff Consumer Financial Protection Bureau ("Bureau").  On August 19, 2015, the Court issued a Temporary Restraining Order (Doc. No. 12) with an asset freeze and other provisions applicable to all defendants.  On August 28, 2015, Magistrate Judge Torres issued his report and recommendation (Doc. No. 26), recommending that a Preliminary Injunction Order be imposed which included the appointment of a receiver for corporate defendants World Law Debt Services, LLC ("WL Debt") and World Law Processing, LLC ("WL Processing").  On September 1, 2015, the Court entered an order approving the Stipulated Extension of the Temporary Restraining Order for Defendants Derin Scott, David Klein, Family Capital Investment & Management, LLC ("FCIAM") and Relief Defendant Shannon Scott (Doc. No. 27) ("FCIAM TRO") pursuant to which the Receiver was appointed as Temporary Receiver for FCIAM.  On September 2, 2015, the Court issued the World Law Preliminary Injunction pursuant to which the Receiver was appointed receiver over defendants WL Debt and WL Processing, and their successors, assigns, affiliates, or subsidiaries, and each of them, by whatever names each might be known, provided that the Receiver has reason to believe they are owned or controlled in whole or in part by any of the Defendants.  On September 14, 2015, the Court issued the FCIAM Preliminary Injunction, appointing the Receiver as receiver over FCIAM and its successors, assigns, affiliates, or subsidiaries, and each of them, by whatever

6

names each might be known, provided that the Receiver has reason to believe they are owned or controlled in whole or in part by any of the Defendants.[1]

The Receiver filed a brief initial report primarily focused on FCIAM on September 8, 2015 prior to the hearing on the Bureau's motion for a preliminary injunction and appointment of a receiver for FCIAM.  On December 1, 2015, the Receiver filed its Report of Receiver's Financial Analysis September 4, 2015 Through November 30, 2015 (Doc. No. 57) ("Second Report") analyzing in detail the business, banking, accounting and other financial information and records then available regarding the Receivership Defendants.

In February 2015, prior to the commencement of this action, defendant Orion Processing, LLC ("Orion") filed a voluntary Chapter 11 petition under the Bankruptcy Code in the United States Bankruptcy Court for the Western District of Texas.  Nearly contemporaneously with the commencement of this case, on August 20, 2015, the Bankruptcy Court converted the Orion bankruptcy case to a Chapter 7 liquidation proceeding, appointing Randolph N. Osherow as the Chapter 7 trustee for Orion ("Trustee").  The Receiver and the Trustee have worked cooperatively in the administration of their respective estates, with the Trustee taking primary responsibility for addressing the assets and creditors of, and other issues pertaining to, Orion, and

---

[1] For convenience, the World Law Preliminary Injunction and the FCIAM Preliminary Injunction are referred to collectively herein as the "Preliminary Injunctions."  In addition, WL Debt, WL Processing, and FCIAM and their successors, assigns, affiliates and subsidiaries, and each of them, by whatever names each might be known, provided that the Receiver has reason to believe they are owned or controlled in whole or in part by any of the Defendants, are Receivership Defendants under the Preliminary Injunction and referred to herein as the Receivership Defendants.  Various successors, assigns, subsidiaries and affiliates of WL Debt, WL Processing and FCIAM, including without limitation World Law Forms and Mediation, Inc. ("Forms") and WLD Price Global, Inc. ("Price Global"), are sometimes referred to herein as the Affiliated Entities.

the Receiver taking responsibility for addressing the assets and creditors of, and other issues pertaining to, the Receivership Defendants.

Judgments have been rendered against all defendants in the action, either by stipulation or by default. Receivership Defendants WL Debt, WL Processing and FCIAM have not appeared in the action and a default judgment was entered against them on August 1, 2016 (Doc. No. 104) ("World Law Judgment"). The Receiver continues as receiver over the Receivership Defendants under the World Law Judgment. On August 1, 2016, the Court also entered a stipulated judgment against defendants Derin Scott and David Klein and Relief Defendants Shannon Scott pursuant to their Stipulated Final Judgment and Order Against Defendants Derin Scott, David Klein and Relief Defendant Shannon Scott ("Individual Stipulated Judgment") (Doc. No. 105). The Bureau filed a motion for entry of default judgment against defendant Bradley Haskins ("Haskins"), who failed to appear in the action, and a default judgment was entered against Haskins on November 29, 2016 (Doc. No. 132). Based on a Stipulation for Entry of Judgment between the Bureau and the Trustee of the Orion bankruptcy estate, judgment was entered against Orion and in favor of the Bureau on March 22, 2017 (Doc. No. 152).

Under the World Law Judgment entered August 1, 2016, the Receiver was given 180 days to complete the administration and liquidation of all receivership assets and to file its final report and accounting. The Receiver filed a motion, unopposed by the Bureau, asking the Court to extend the deadline for 120 days for the Receiver to complete these and other tasks necessary to prepare the estate to be wound up (Doc. No. 137). The Court granted the Receiver's request by the Endorsed Order on January 27, 2017 (Doc. No. 139). The Receiver later filed an emergency motion seeking a further extension of the receivership case through June 30, 2018

(Doc No. 161). The emergency motion was granted, and the receivership has been extended to June 30, 2018 (Doc. No. 168).

During the Expense Period, the Receiver engaged in numerous and varied activities to administer and liquidate assets of the receivership estate, including assets turned over to the Receiver for administration and liquidation under the Individual Stipulated Judgment.  During the Expense Period, the Receiver collected additional funds totaling $2,029,187.01 from multiple sources, including the sale of the 9011 Mountain Ridge property in Austin, the sale of a condominium in Florida, collection of rent from the 9011 Mountain Ridge property in Austin, liquidation of a vehicle, vendor refunds (primarily from the property insurance policy covering the Mountain Ridge property), receipts from All Things Energy LLC ("All Things Energy") and other miscellaneous receipts.[2]  Total receipts of the receivership estate from its inception through July 31, 2017 are $10,003,021.75.

This is the Receiver's fifth fee motion and covers fees and expenses of the Receiver and its professionals incurred by the Receiver over a seven-month period from January 1, 2017 through July 31, 2017 ("Expense Period").  The Receiver's four prior fee motions were granted as requested.  The services rendered by the Receiver and its professionals for which the Receiver seeks approval of their fees and expenses for this Expense Period are summarized hereafter and

---

[2]   The receipts during this period include a payment of $5,000 from the entity Seamless Sands, LLC for reimbursement of the estate's attorneys' fees incurred in drafting a settlement agreement which transferred defendant Derin Scott's interest in the entity Seamless Human, LLC to Seamless Sands.  As explained below, the Receiver concluded the interest, which became property of the receivership estate under the Individual Stipulated Judgment, had no value for the estate and was subject to claims by Seamless Sands under a security agreement.  The Receiver with notice to and no objection by the Bureau, agreed to transfer Scott's interest in Seamless Human and to have the Receiver's counsel draft the agreement as the most cost-effective means of disposing of the interest, with Seamless Sands paying the Receiver's counsel fees for drafting the agreement.  Any funds not used for this purpose by the Receiver will be promptly returned to Seamless Sands, LLC after the Court rules on this Motion.

112976242.1

described in detail in the billing records attached to the supporting Declarations of Brick Kane and Gary Owen Caris.

## II.   **SUMMARY OF SERVICES RENDERED**

The Receiver seeks payment of the Receiver's fees and expenses summarized in the Receivership Administrative Expenses and Fund Balance spreadsheet ("Financial Summary") attached as Exhibit 1 to the Declaration of Brick Kane in support of this Motion and detailed in the billing summaries attached to the Kane Declaration as Exhibits 2 through 8.  During the Expense Period, the Receiver has incurred fees for the Receiver and its members of $15,082.20, Senior and Accounting Staff fees of $57,204.30, and Support Staff fees of $642.20.  The Receiver has incurred Receiver's expenses of $1,642.10.

The Receiver has also incurred attorneys' fees and costs during the Expense Period. During this period, the Receiver incurred attorneys' fees of $106,246.84 and costs of $515.00 for a total of $106,761.84 for the services of the Receiver's lead counsel Diamond McCarthy. Copies of the billing records reflecting those services and costs are attached as Exhibits 1 through 7 to the Declaration of Gary Owen Caris filed concurrently with this Motion.  The Receiver has also incurred attorneys' fees of $17,014.95 and costs of $3,202.84 for the services of the Receiver's local counsel in Florida, Carlton Fields, as set forth in Exhibits 8 and 9 to the Caris Declaration.

### A.   **Receiver's Services and Activities During the Expense Period**

The Receiver's activities have been varied and extensive during the seven months comprising this Expense Period.  The Receiver's activities have focused on the management and liquidation of multiple real and personal property assets, continuing efforts to reconstruct the financial transactions of the receivership entities, and estate administrative tasks, including

112976242.1

responding to creditor and consumer questions, administering payables and bank reconciliations and other similar activities.

Sale of the Austin Office Building.   One of the principal assets of the receivership estate was a commercial office building located at 9011 Mountain Ridge in Austin, Texas ("Mountain Ridge Property"), formerly occupied in part by FCIAM.  The Mountain Ridge Property had two tenants, and the Receiver continued to collect rents of over $11,000 per month from the tenants during this Expense Period until the Court-approved sale of the Mountain Ridge Property was completed at the end of June 2017.  The property also has required ongoing supervision by the Receiver, requiring the Receiver's deputies to regularly address maintenance and repair issues at the property for the elevator, HVAC, plumbing and other systems and other routine maintenance. The Receiver has also had communications and addressed issues with the holder of the mortgage against the Mountain Ridge Property.

During this Expense Period, the Receiver engaged in extensive negotiations with the party that submitted the highest and best offer for the purchase of the Mountain Ridge Property. After extensive discussions, the Receiver entered into a proposed contract for the sale of the Mountain Ridge Property to an arms' length third party purchaser.  Once the parties entered into the sale contract for the Mountain Ridge Property, the Receiver prepared extensive due diligence documents to turn over to the buyer to review during the contingency period, including income and expense information, rent rolls, and other property information as well  as addressing the preliminary title report and issues raised in that report.  There were also issues to be addressed regarding the building owner's association in order to finalize the sale contract and later to close the sale.  The Receiver had to address other details of the sale, including issues with the hazardous substances indemnity agreement and the deed conveying title to the buyer.

112976242.1

The Receiver filed a motion for approval of the sale on May 9, 2017.  The Court asked for further information to support the sale, which the Receiver filed.  Based on the motion and the supplemental information provided by the Receiver, the Court approved the sale of the Mountain Ridge Property by order entered on May 26, 2017 (Doc. No. 178).  Through the sale, the Receiver was able to satisfy the debt secured by a first deed of trust against the property of approximately $2,303,000 and still recover net proceeds of $1,366,479.92 for the estate.

Sale of Jackson (Birch) Condominium.  The Receiver obtained a default judgment against Aksiban, LLC ("Aksiban") which, among other things, declared that two condominiums in Ft. Lauderdale, Florida constituted property of the receivership estate.  The first condominium located on North Federal Highway was sold in December 2016.

During this Expense Period, the Receiver was marketing the other unit, referred to as the "Jackson" condominium based on the name of the condominium development which was located on Birch Road.  The Receiver entered into a contract to sell the Jackson condominium which was scheduled to close on March 17, 2017.  On March 2, 2017, defaulted defendant Bradley Haskins recorded a "Notice of Lis Pendens" against the Jackson condominium in an effort to disrupt the sale.  The Receiver's counsel prepared a motion to expunge the lis pendens which was filed in this Court.  The Court granted the requested order expunging the Haskins lis pendens and compelling him to seek an order from the Court before filing any other claim or lien against the Jackson condominium. See Order filed April 19, 2017 (Doc. No. 158).

The Receiver's counsel negotiated an extension of the escrow with the buyers and other related agreements which allowed the sale to be concluded.  The sale of the Jackson condominium closed in May 2017, and the estate recovered net proceeds of sale of $551,100.27.

12

Auction of Range Rover. In connection with the sale of the Mountain Ridge Property, the Receiver was advised that there was a 1994 Range Rover that was apparently left abandoned at the property by a prior tenant who had vacated. The Receiver took steps to have the vehicle declared abandoned and sold the Range Rover at auction and recovered net sale proceeds of $2,380.00 for the vehicle.

Asset Location and Investigation and Completion of Forensic Accounting and Consumer Database Reconciliation. The World Law Judgment requires the Receiver to "continue to take all steps to locate and collect all viable Assets of the Receivership Defendants" as well as to "perform all acts necessary or advisable to complete an accounting of the receivership Assets." World Law Judgment, Section VII, paras. 69, 70. The Receiver has previously reported to the Court in its Second Report and in other filings that there were no financial records available to the Receiver for several of the Receivership Defendants when the Receiver was appointed. The Receiver therefore has had to obtain available financial, business and banking records from third parties, primarily financial institutions that held bank accounts of the Receivership Defendants.

The Receiver has continued to seek and examine those banking records from banks and other financial institutions. Obtaining records from the financial institutions often requires multiple requests, and significant follow up until all the necessary records are obtained. Given the number of accounts, the lack of specific account information and searches required by the banks and others to locate accounts, and the volume of records involved, obtaining possession of the banking and financial records required significant time and effort. The preparation of the financial review, analysis, and forensic accounting has required analysis of more than 30 separate bank accounts and over 40,000 pages of banking, business, financial and other records.

112976242.1

During the Expense Period, the Receiver's forensic accountants coordinated with the Receiver's counsel to issue additional records subpoenas to complete the Receiver's financial reconstruction and reviewed those records when they were produced.  The Receiver's forensic accountants continued preparing the financial reconstruction to confirm that they have located all significant assets of the Receivership Defendants and that no significant funds or assets are unaccounted for.  During the prior expense period, these activities resulted in the discovery of an additional affiliate of the Receivership Defendants as to which the Receiver was able to obtain some additional banking records and back up support documents for its bank account though no additional assets were discovered.  The Receiver's forensic accounting has now been completed.

The Receiver's accounting staff also performed some additional work to reconcile the consumer records database.  This information is relevant to the Receiver's forensic accounting analysis and to determine and reconcile payments that were made on behalf of those consumers to their creditors and the amount of fees paid by the consumers to the Receivership Defendants.

Other Receivership Administrative Activities.  The Receiver's members and staff also continued to supervise a Receivership Defendant's income-producing investment in the entity All Things Energy, which continues to sell products for which the Receiver is obtaining payments and paying commissions.  All Things Energy is operated by an independent non-party, and the Receiver has monitored the company's operations post-receivership to ensure the estate receives the interest it is entitled to from the company's activities.  The sales receipts from All Things Energy are deposited with the Receiver, the sales are accounted for to the Receiver and the Receiver pays the related commissions to the third party operator.

During the Expense Period, the Receiver responded to numerous contacts, inquiries and requests for information from consumers and other potential creditors of the receivership estate,

and addressed tax issues for the estate.  The Receiver also prepares regular financial accountings for the receivership estate.

**B.      Professionals' Services and Activities During the Expense Period**

1.      Diamond McCarthy

The Receiver's lead counsel since the inception of the receivership has been Gary Owen Caris and Lesley Anne Hawes previously with Dentons US LLP and now attorneys with Diamond McCarthy.  The Receiver has incurred attorneys' fees of $106,246.84 and costs of $515.00 for the services of Diamond McCarthy during the seven-month Expense Period.

The Expense Period included extensive and varied activities by the Receiver's counsel. During the Expense Period, Diamond McCarthy prepared and filed a total of eight motions, completed the negotiation, documentation and closing of two real property sales, documented two settlements, successfully sought expungement of a Notice of Lis Pendens wrongfully filed by Brad Haskins against the Jackson condominium, successfully moved to extend the receivership through June 30, 2018 and filed a motion to allow the Receiver to turn over approximately $8 million in receivership funds on hand to the Bureau.

Diamond McCarthy assisted the Receiver in negotiating and documenting both sales of real property by the Receiver, including the sale of the Mountain Ridge commercial office building and the sale of the Jackson condominium in Ft. Lauderdale.  The two sales collectively netted over $1.9 million for the estate.   Under a prior Court-approved agreement with defendant Derin Scott and relief defendant Shannon Scott, the Receiver was required to obtain Court-approval for the sale of the Mountain Ridge Property.  Diamond McCarthy prepared a motion for approval of the sale as well as, at the Court's request, a supplemental filing and supplemental declaration by the Receiver in further support of that motion.  Based on all of the filings, the Court granted approval of the Mountain Ridge Property sale without a hearing.

15

The Receiver's counsel also assisted the Receiver in addressing the sale of the Jackson condominium. That sale did not require Court approval under the provisions of the World Law Judgment. However, there were certain issues that had to be resolved regarding the sale through communications and documentation with the buyers and the title company. Most significant, on the eve of closing of the sale which was set for March 17, 2017, defendant Brad Haskins wrongfully recorded a lis pendens against the Jackson condominium and asserted claims and threats of litigation against the Receiver and the Receiver's counsel. Diamond McCarthy also addressed and responded to these communications from Bradley Haskins, and prepared and filed a motion to expunge the lis pendens which sought additional relief requiring Haskins to obtain Court approval by the receivership court before filing any further claim, lien or purported interest against the Jackson unit. The Court granted the expungement order, and with that order in place, the Receiver was able to successfully close the sale of the Jackson unit to the buyers.

Diamond McCarthy also documented a settlement resolving a claim against the receivership estate by Orion related to funds the Orion Trustee asserted were part of the Orion bankruptcy estate. When the settlement was fully documented and signed, Diamond McCarthy prepared and filed a motion for approval of the settlement which was granted by the Court by order entered April 20, 2017 (Doc. No. 159). The Receiver's counsel documented a second settlement involving the abandonment from the estate of what the Receiver believes was a valueless interest of Derin Scott in the entity Seamless Human LLC. The settlement transferred Scott's interest in that entity to the entity Seamless Sands, LLC based on that entity's claimed security interest in his membership in Seamless Human to secure Scott's obligation to fund $250,000 as an additional equity investment in the separate entity Psamanthe Sands, LLC, which Scott failed to fund in light of the receivership. The Receiver was paid $5,000 by Seamless

Sands as reimbursement for counsel fees for documenting the settlement, and incurred only $2,154.60 to prepare the settlement document. Upon Court approval of the attorneys' fees requested in this Motion, the Receiver will return $2,845.40 of the $5,000 to Seamless Sands.

The Receiver through its counsel Diamond McCarthy prepared and filed two motions to extend the receivership, the first for 120 days and the second an emergency motion filed in June 2017 to extend the receivership through June 30, 2018. The second emergency motion was supported by a Declaration of Brick Kane on behalf of the Receiver, which was subject to an emergency motion to file that declaration under seal which was granted. The receivership was extended to June 30, 2018 by order entered on May 5, 2017 (Doc. No. 168).

In July 2017, Diamond McCarthy prepared and filed a motion to authorize the Receiver to pay certain modest tax claims owed to the Internal Revenue Service and to distribute $8 million to the Bureau. The motion was granted by the Court on August 7, 2017 (Doc. No. 182).

During the Expense Period, Diamond McCarthy also prepared and filed the Receiver's fourth fee motion covering the period from July 1, 2016 through December 31, 2016. No objections to the fourth fee motion were filed by any party, and the fourth fee motion was granted as requested by order entered on April 18, 2017 (Doc. No. 154).

Diamond McCarthy also responded to certain inquiries from receivership consumer creditors and communicated with attorneys during this Expense Period, including addressing a lawsuit that had been filed in Montana against one of the receivership entities.

2.    <u>Carlton Fields</u>

The Carlton Fields firm is the Receiver's local counsel in Florida. Carlton Fields has assisted the Receiver in filing all pleadings filed by the Receiver in this case pursuant to the local rules that require filings to be made by Florida counsel. The Carlton Fields firm has reviewed

the filings and ensured the filings comply with applicable local rules and procedures before they are filed.  Carlton Fields also serves all of the pleadings filed by counsel for the Receiver, including serving the creditors with notices of the filing of the Receiver's motions which includes a lengthy service list.  In this Expense Period, Carlton Fields was responsible for the review, filing and service of eight motions and additional supplemental papers filed on the Mountain Ridge Property sale motion at the Court's request.

Carlton Fields also assists the Receiver in addressing the administration of the Jackson condominium, and in particular the disposition of the personal property left at that location when the Receiver took possession and control of that property. The Carlton Fields firm addressed issues of local Florida real estate law in connection with the Jackson property and the actions of Brad Haskins in recording the notice of lis pendens and making other claims and threats against the Receiver and its counsel.  The firm also obtained the certified copies of the Court's sale orders and the order expunging the Haskins lis pendens and coordinated delivery of the orders to complete the sales of the two real properties sold during the Expense Period.

## III.    THE FEES AND EXPENSES OF THE RECEIVER AND ITS PROFESSIONALS ARE REASONABLE AND SHOULD BE PAID

It is a fundamental tenet of receivership law that expenses of administration incurred by the receiver, including those of the receiver, his counsel and others employed by him, constitute priority expenses for which compensation should be paid from the assets of the receivership.  As explained in the leading treatise *Clark on Receivers*:

> The obligations and expenses which the court creates in its administration of the property are necessarily burdens on the property taken possession of, and this, irrespective of the question who may be the ultimate owner, or who may have the preferred lien, or who may invoke the receivership.  The appointing court

112976242.1

> pledges its good faith that all duly authorized obligations incurred
> during the receivership shall be paid.

2 Clark, Ralph Ewing, *A Treatise on the Law and Practice of Receivers* § 637, p. 1052 (3rd ed.

Rev. 1992).

The Receiver is an officer of the Court charged with a myriad of duties under the Court's

receivership orders, many of which have no relationship to recovery of assets or increasing the

funds available for distribution to creditors.  Because of the nature of the administrative and

other services required in receiverships, the benefit a receiver confers on receivership property

cannot be determined based solely on the increase or decrease in the value of property in the

receiver's possession.  As the Court explained in *Securities and Exchange Commission v. Elliott*,

953 F. 2d 1560, 1577 (11th Cir. 1992):

> [I]t is sometimes difficult to ascertain what type of benefits a
> receiver has bestowed on receivership property. . . . . [A] benefit to
> a secured party may take more subtle forms than a bare increase in
> monetary value.  Even though a receiver may not have increased,
> or prevented a decrease in, the value of the collateral, if a receiver
> reasonably and diligently discharges his duties, he is entitled to
> compensation.  [Citations omitted.]

*Securities and Exchange Commission v. Elliott*, 953 F. 2d at 1577.

The Court has broad discretion in determining the reasonableness of fees to be awarded a

receiver.  *See In re San Vicente Medical Partners Ltd.*, 962 F. 2d 1402, 1409-1410 (9th Cir.

1992).  The Court may evaluate the time and effort expended by the Receiver with respect to

specific projects and aspects of the administration of the estate, and may look to a number of

different factors under the case law in approving receiver's and counsel's fees.  *In re San Vicente

Medical Partners Ltd.*, 962 F. 2d at 1409-1410.

The Receiver and its professionals have performed extensive and wide-ranging tasks

during the Expense Period.  This motion establishes that the Receiver, its staff and its

professionals rendered reasonable and necessary services for the receivership estate since the commencement of the receivership and during this Expense Period that were highly beneficial to the estate. *See Federal Trade Commission v. Capital Acquisitions & Management Corp.*, 2005 U.S. Dist. LEXIS 18504 (N.D. Ill. August 26, 2005). The Receiver submits the fees are reasonable in light of the services rendered, and that the fees and expenses requested should be awarded in their entirety. As set forth above and in Exhibit 1 to the Kane Declaration in support of the Motion, there are sufficient assets in the receivership estate to allow for payment of all fees and expenses requested.

The Receiver has provided notice of this motion by serving the parties to the case who have appeared or their counsel. The Receiver also has caused a notice of the filing of this motion to be served on the known non-consumer creditors in the case. In addition, the Receiver will post a copy of the motion and supporting declarations, without copies of the time/billing records, on the Receiver's web site for this case and will provide a complete copy of the motion to any interested party who requests it, to the extent that interested party has not been served with the motion.

## IV.  CONCLUSION

Based on this motion, the supporting declarations of Brick Kane and Gary Owen Caris filed and served concurrently herewith, and the pleadings, records and files of the Court of which the Receiver requests the Court take judicial notice pursuant to Rule 201 of the Federal Rules of

112976242.1

Evidence, the Receiver respectfully requests that the Court grant relief as requested in the motion.

Dated: September 27, 2017                    Respectfully submitted,

                                      By: */s/ Michael E. Strauch*
                                           Merrick L. Gross
  Florida Bar No. 716677
  Michael E. Strauch
  Florida Bar No. 13988
  **CARLTON FIELDS**
  Miami Tower
  100 S.E. 2nd Street, Suite 4200
  Miami, Florida 33131
  Tel: (305) 530 – 0050
  Fax: (305) 530 – 0055
  E-mail: mgross@carltonfields.com
  powers@carltonfields.com
  mstrauch@carltonfields.com
  iabay@carltonfields.com
  *Local Counsel for Plaintiff*

By: */s/ Gary Owen Caris*
  Gary Owen Caris
  Appearing *Pro Hac Vice*
  California Bar No. 088918
  Lesley Anne Hawes
  Appearing *Pro Hac Vice*
  California Bar No. 117101
  **DIAMOND MCCARTHY LLP**
  1999 Avenue of the Stars, Suite 1100
  Los Angeles, CA 90067
  Tel: (310) 651-2997
  Fax: (424) 253-1101
  E-mail: gcaris@diamondmccarthy.com
  lhawes@diamondmccarthy.com

  *Lead Counsel for Plaintiff*

112976242.1

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by CM/ECF or electronic mail on September 27, 2017 on all counsel or parties of record on the Service List below.

/s/ Michael E. Strauch

## SERVICE LIST

Laura Beth Schneider
Consumer Financial Protection Bureau
1700 G. Street, NW
Attn: Enforcement
Washington, DC 20552
Tel: (202) 435-7311
Email: laura.schneider@cfpb.gov
Attorneys for Plaintiff
Consumer Financial Protection Bureau
**BY CM/ECF**

David Klein, pro se
9312 Knoll Crest Loop
Austin, TX 78759
Email: texasusa2@gmail.com
**BY EMAIL**

Derin Scott, pro se
4621 Doris Drive
New Smyrna Beach, FL 32316
Email: derinscott@yahoo.com
**BY EMAIL**

Shannon Scott, pro se
4621 Doris Drive
New Smyrna Beach, FL 32316
Email: smdscott@me.com
**BY EMAIL**

Mark C. Taylor, Esq.
Waller Lansden Dortch & Davis, LLP
100 Congress Avenue, Suite 1800
Austin, Texas 78701
Email: Mark.Taylor@wallerlaw.com
**BY EMAIL**

A. Clifford Edwards
Triel D. Culver
Edwards, Frickle & Culver
1648 Poly Drive, Suite 206
Billings, Montana 59102
**BY US MAIL**

112976242.1